In re Stephen A. **DELMOE**, **II, Sarah Ann Delmoe, Debtors.**

No. 05–69524.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

March 26, 2007.

Claire Ripley Fried, Chillicothe, OH, for Debtors.

*MEMORANDUM OPINION ON TRUSTEE'S MOTION FOR AN ORDER REQUIRING DEBTORS TO TURNOVER FUNDS RECEIVED POST–PETITION FROM THE SARAH A. TAYLOR–DELMOE/TUW TRUST*

C. KATHRYN PRESTON, United States Bankruptcy Judge.

This cause came on for hearing on March 28, 2006, upon the Trustee's Motion for an Order Requiring Debtors to Turnover Funds Received Post–Petition From The Sarah A. Taylor–Delmoe/TUW Trust (Doc. # 11) and the Debtors' Objection thereto (Doc. # 15). Present at the hearing were David M. Whittaker, Trustee and counsel for Trustee, and Claire Fried Drake representing Stephen A. Delmoe, II and Sarah Ann [Taylor] Delmoe (collectively "the Debtors"). The Trustee seeks turnover of post-petition disbursements from a trust established by Gerald Taylor for benefit of Sarah Taylor Delmoe. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the general order of reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E).

## I. Background.

The facts underlying this dispute may be summarized as follows: In January 1997, Gerald Roger Taylor, the father of Debtor Sarah Ann Taylor Delmoe ("Mrs. Delmoe"), handwrote his Last Will (the "Will"). Unlike a traditional will, Mr. Taylor fashioned his Will in the form of two letters, one to Mrs. Delmoe and one to his sister, Sharon Price ("Mrs. Price"). He asked his sister to act as executrix of his estate. The Will essentially bequeathed all of Mr. Taylor's assets to Mrs. Delmoe. In August 2001, Mr. Taylor changed his Will, again in the form of a letter (the "Codicil"), to bequeath his assets to his sister to hold in trust for Mrs. Delmoe. The Codicil provided in pertinent part as follows:

> ... Sharon is to see that $600.00 a month is to be given to Sarah A. Taylor Delmoe, my only child. If there is a child or children born of her marriage and Sarah becomes deceased the money is to be in trust for her children to age 16 yr. If no children are born, upon Sarah's demise the money is to go to the Ohio University in Chillicothe, Ohio to be used for scholarships to needy stu-

dents in the name of my daughter Sarah Taylor Delmoe.

Joint Exhibit 1, p. 9.

Mr. Taylor died on August 28, 2001; his Will and Codicil were filed with the Probate Court of Anderson County, Texas on October 2, 2001. The Probate Court evidently determined that the Will and Codicil contemplated a trust for the benefit of Mrs. Delmoe (hereinafter, the "Trust" or "Taylor Trust"), that the documents appointed Mrs. Price to act as Trustee, and that the Trust provided for disbursements to Mrs. Delmoe for the remainder of her life. Mrs. Delmoe began receiving monthly distributions from the Trust in the amount of $600.00 per month, commencing in September 2001.

Mrs. Delmoe married Stephen Delmoe in April 2001. She graduated from high school in 1997 and has pursued higher education sporadically since then. In order to facilitate her education, she has taken out numerous student loans; as of the date of commencement of the case, according to the Debtors' Schedule E, she owes approximately $27,490.00 in student loans.[1] In the summer of 2005, Mrs. Delmoe attempted to obtain a higher monthly distribution from the Trust. She was pregnant at the time and unable to work. She or Mrs. Price caused a motion to be filed with the Probate Court of Scioto County, Ohio, requesting that the distributions be increased to the sum of $1,000.00, in the trustee's sole discretion, in order to pay for extraordinary expenditures for the health, support, welfare and maintenance of Mrs. Delmoe. See Joint Exhibit 10 at 2–3. The court did not grant the relief requested.[2] See Joint Exhibit 10 at 12–13.

The Debtors assert that the trust assets do not constitute property of the bankruptcy estate by virtue of § 541(c) of the Bankruptcy Code, first, because it is a spendthrift trust, and second, because it is necessary for the Debtors' support.

## II. Discussion.

Section 541 of the Bankruptcy Code provides in pertinent part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case. . . .

(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate . . . notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—

(A) that restricts or conditions transfer of such interest by the debtor; . . .

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applica-

---

1. The claims register for the case reflects that claims have been filed totaling approximately $88,265.00, including approximately $61,616.00 in what appear to be student loans. See Joint Exhibit 2.

2. The motion also requested that the probate court authorize Mrs. Price to pay administrative expenses and trustee fees out of the income and/or principal of the Trust, that a successor trustee be designated, and that in the event of the demise of Mrs. Delmoe, the assets be held in trust until the youngest of her children reach the age of 25. See Joint Exhibit 10. The probate court granted the request regarding administrative expenses and trustee fees but did not grant the remaining requests. See Joint Exhibit 10 at 12–13.

ble nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 541 (2005).[3]

## A. Is the Taylor Trust a Spendthrift Trust?

 A spendthrift trust is a trust that imposes a restraint on the voluntary and involuntary transfer of the beneficiary's interest in the trust property. *See Scott v. Bank One Trust Co.*, 62 Ohio St.3d 39, 577 N.E.2d 1077 (1991). It is well settled in Ohio that a spendthrift trust is enforceable. *Domo v. McCarthy*, 66 Ohio St.3d 312, 318, 612 N.E.2d 706, 711 (1993). As such, a spendthrift trust does not constitute property of the bankruptcy estate by virtue of § 541(c)(2). The Debtors posit that in order to qualify as a spendthrift trust, the trust need not contain specific language. While this is so, there must be evidence of the trustor's intent that the trust constitute spendthrift trust, and language of the trust must expressly or effectively restrain the alienability of the beneficiary's interest in the trust property.

Unlike the *Domo* and *Scott* cases, the Taylor Trust did not contain any language that would qualify as spendthrift language, that would suggest an intention on the part of Mr. Taylor that Mrs. Delmoe's interest be inalienable, or that would effectively operate to restrain transfer of Mrs. Delmoe's interest in the Trust. The portion of the Codicil that established the Trust was very simple: it merely stated that Mrs. Price would disburse to Mrs. Delmoe $600.00 per month. In the event of Mrs. Delmoe's death, Mrs. Price would distribute to Mrs. Delmoe's children until age 16. The Codicil did not contain any language purporting to restrain or limit the alienation of Mrs. Delmoe's interest. The Debtors suggest that language in the

Will specifying that Mrs. Delmoe would be "provided with enough money to complete [her] education and get a good start ... [on] a long and good life ..." was intended to illustrate Mr. Taylor's intent that the Trust be a spendthrift trust. However, that language was contained in the Will which was crafted in 1997 and which did not establish or contemplate a trust. The Codicil written in 2001, which did establish the Trust, did not incorporate the language of the Will or contain any language to restrain or limit the alienation of Mrs. Delmoe's interest. The Court cannot assume that Mr. Taylor intended to impose restrictions without evidence to that effect.

The Debtors also point to the decision of the Scioto County Probate Court in support of the notion that the Trust contained an enforceable restriction on alienation. However, the Judgment Entry by the Scioto County Probate Court did no such thing: the Judgment Entry simply acknowledged the matter before the court, that all interested parties were properly before that court, and granted the specific relief pertaining to Trust administrative expenses and trustee's fees.

 The beneficiary can own no greater interest in the trust property than the trustor has given him. In a spendthrift trust, the trustor has not given the beneficiary an alienable interest. *Scott*, 62 Ohio St.3d at 48, 577 N.E.2d 1077. However, that is not the situation in the instant case. There has been no restriction on the interest that Mr. Taylor granted to Mrs. Delmoe. The only restriction is on the Trustee who is required to remit to Mrs. Delmoe the sum of $600.00 per month, no more and no less.

**3.** This case was filed before the effective date of most amendments to the Bankruptcy Code enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

## B. Is the Taylor Trust a Support Trust?

The Debtors' second theory is that the Trust constitutes a support trust and therefore, is either (i) not property of the bankruptcy estate under § 541(c) or (ii) exempt under Ohio Rev.Code § 2329.66(A)(11).

The hallmark of a support trust is a directive to the trustee that mandates distribution to the beneficiary only so much of the income or principal of the trust as is necessary for the education or support of the beneficiary. As long ago recognized by the Ohio Supreme Court, when a trust provides for a specific sum or a discernable amount (such as, "all income") to be given to the beneficiary, that entire sum belongs to the beneficiary and may be applied by the beneficiary as he so chooses. Even the expression of a purpose for which the distribution may be given is not deemed to constitute a restraint on its alienation. As such, the amounts due the beneficiary are subject to the claim of creditors. *Thornton v. Stanley*, 55 Ohio St. 199, 45 N.E. 318 (1896).

In the instant case, the Codicil directed Mrs. Price as trustee of the Trust to disburse a sum certain, that being $600.00 per month, to Mrs. Delmoe. Even if the Will or Codicil purported to specify the purpose for which the funds were to be spent, which this Court does not see, such language does not constitute a limitation on the Trustee's responsibility and obligation to remit $600 per month to Mrs. Delmoe. Mrs. Delmoe receives the stipend from the Trust each month, regardless of whether she is enrolled in school or employed, and she is not required to provide any information to Mrs. Price as a condition precedent to payment of the stipend. Therefore, the Trust does not qualify as a support trust, and disbursements are subject to the claims of her creditors and subject to the reach of the Chapter 7 Trustee.

The Scioto County Probate Court's decision again supports this holding: The Probate Court was asked to give the trustee of the Trust discretion to make additional distributions. That request was not granted. While the court's order did not give us any insight into the decision, the court must have determined that the Trust afforded Mrs. Price no discretion to make additional distributions of any sort, and that as trustee of the Trust, she was limited to the express directives of the Trust.

## C. Can the Taylor Trust be Claimed Exempt Under Ohio Revised Code § 2329.66(A)?

The only remaining question is whether the income of the Trust may be properly claimed exempt pursuant to Ohio Rev.Code § 2329.66(A)(11). That section provides in pertinent part as follows:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:

. . .

(11) The person's right to receive spousal support, child support, an allowance, or other maintenance to the extent reasonably necessary for the support of the person and any of the person's dependents[.]

Debtors intimate that the Trust payments are exempt property pursuant to § 2329.66(A)(11) simply because the payments are utilized, and perhaps even necessary, to the support of their family. Section 2329.66(A)(11) provides an exemption for child or spousal support or other maintenance the underpinning for which is an obligation or commitment to provide support. Clearly, the Trust payments to Mrs. Delmoe, do not qualify as spousal or child

support. The question becomes, do they qualify as an allowance or maintenance? The terms "maintenance" and "allowance" are not defined by the Ohio Revised Code, nor has the scope of these terms been addressed by the courts of Ohio. Therefore, the Court must look to the ordinary and accepted meaning of the terms. *Black's Law Dictionary* defines the word "maintenance" as, "the furnishing by one person to another, for his or her support, of the means of living, or food, clothing, shelter, . . . ." *Black's Law Dictionary* (6th ed.1990). The term denotes a concept akin to or attendant to support of another. The term "allowance" is not so narrowly construed: "A share or portion, esp. of money that is assigned or granted." *Black's Law Dictionary* 84 (8th ed.2004). It would seem, therefore, that the Trust payments might qualify as an "allowance" and be properly claimed exempt.

However, Ohio Rev.Code § 1.42 provides, "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." The Ohio Supreme Court has observed that when interpreting a statute, a court cannot pick out one sentence and dissociate it from the context, but must look to the entire statute to determine the intent of the enacting body. *State v. Jackson*, 102 Ohio St.3d 380, 811 N.E.2d 68 (Ohio 2004). The same holds true for the individual words. In § 2329.66(A)(11), the term "allowance" falls between "child support" and "maintenance." This is a clear indication that the Ohio legislature intend-ed to tie it to the concept of financial assistance and a support obligation. Only by taking the term "allowance" totally out of its statutory context is it possible to divorce from it the notions of support or maintenance.

The Court was unable to find any cases, nor did the parties cite any cases which applied Ohio Rev.Code § 2329.66(A)(11) to shield the income received by a trust beneficiary from attachment by creditors.[4] While the grant of exemption in that section extends to assets or claims broader than child or spousal support awarded in connection with a marital or support action, the courts of Ohio have limited the application of the statute to those situations where the purpose of the grant was to provide support for debtor or his/her dependents. *See, e.g., In re Jackson*, 348 B.R. 771 (Bankr.S.D.Ohio 2006); *In re Hageman*, 260 B.R. 852 (Bankr.S.D.Ohio 2001); *Kandel v. Papai (In re Papai)*, 1997 WL 840293, 1197 Bankr.LEXIS 2190 (Bankr.N.D.Ohio 1997). To hold otherwise, opens the door to assertion of exemptions in all manner of income, gifts, and assets coming to debtors. This Court does not believe that was the intention of the Ohio legislature.

This is also consistent with the general scheme of the exemption statutes as they speak to income streams. Generally, Ohio Rev.Code § 2329.66 exempts specifically described grants or benefits that are in the nature of support or assistance. *See, e.g., Ohio Rev.Code § 2329.66(A)(6)(a)* (interest in a beneficiary fund set apart or paid by a

---

4. The cases cited by the Debtors of *Samson v. Bertok*, 1986 WL 14819 (Ohio Ct.App.1986) and *Schierer v. Ostafin*, 1999 WL 493940 (Ohio Ct.App.1999) held that a beneficiary's interest in trust assets was not subject to execution by creditors. The holding in each case relied on the character of the trust and the language contained in the trust document, rather than Ohio Rev.Code § 2329.66(A). In both situations, the trustee was directed by the trust documents to disburse trust income or assets to the beneficiary in such amounts as were necessary for the care, maintenance and support of the beneficiary. As such, the courts determined that the trusts constituted support trusts and thus, not available to satisfy creditor claims.

benevolent association or society), § 2329.66(A)(6)(d) (money, benefits, charity, relief or aid paid or provided by a fraternal benefit society), § 2329.66(A)(6)(e) (benefits under sickness or accident insurance policies), § 2329.66(A)(9) (moneys paid or payable for living maintenance or rights, worker's compensation, unemployment compensation, disability financial assistance payments), § 2329.66(A)(10) (certain pension, benefit, annuity or retirement accounts or funds), § 2329.66(A)(12) (reparations, wrongful death payments to dependents to the extent necessary for support, personal injury, compensation for loss of future earnings). If the Ohio legislature had intended to exempt any funds or "allowance" that a debtor alleges is required to support himself, there would be no need for any additional exemptions to protect benefits, aid or other income streams to a debtor.

 Ohio Revised Code § 1.47 further instructs, "In enacting a statute, it is presumed that ... a just and reasonable result is intended." The purpose of the exemption statutes is to provide debtors with the assets necessary to protect the family from destitution, and prevent them from becoming wards of the state. This is balanced against creditors' rights to collect sums due them. Thus, the statute cannot be interpreted to give debtors a potential windfall. Interpreting the term "allowance" so broadly as to encompass all manner of income, grant or gift does not balance the interests of society (i.e., providing the debtor with sufficient assets to protect the family from destitution) with the rights of creditors. A just and reasonable result requires that the Court limit the scope of the term "allowance" to that provided in furtherance of support or subsistence.

The benefits under the Taylor Trust not hinging on the subsistence needs of Mrs. Delmoe, they are indistinguishable from any other funds or payments which a beneficiary or grantee may receive. As such, § 2329.66(A)(11) is not available to the Debtors to exempt the Trust income payable to Mrs. Delmoe.

### III. Conclusion.

In light of the foregoing, the Court finds that the Taylor Trust is not a spendthrift trust or a support trust; therefore, the interest therein of Debtor Sarah Ann Taylor Delmoe constitutes property of the bankruptcy estate. Furthermore, the sums payable under the Trust to Debtor Sarah Ann Taylor Delmoe are not eligible for exemption under Ohio Rev.Code § 2329.66(A)(11). A separate order will be entered consistent with the foregoing.

**IT IS SO ORDERED.**