# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

-------------------

No. 10-6009

-------------------

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Nancy A. Nessa, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Gene W. Doeling, | * | Appeal from the |
| | * | United States |
| Trustee - Appellant, | * | Bankruptcy Court for the |
| | * | District of Minnesota |
| v. | * | |
| | * | |
| Nancy A. Nessa, | * | |
| | * | |
| Debtor - Appellee. | * | |

-------------------

Submitted: March 11, 2010
Filed: April 9, 2010

-------------------

Before SCHERMER, VENTERS and SALADINO, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

 Gene W. Doeling, Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Nancy A. Nessa (the "Debtor") appeals from an Order Overruling Objection to

Exemption. The bankruptcy court[1] overruled the Trustee's objection to the Debtor's claim of an exemption of her inherited IRA account under section 522(d)(12) of the Title 11 of the United States Code (the "Bankruptcy Code"). We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether the Debtor's inherited IRA qualifies as exempt pursuant to section 522(d)(12) of the Bankruptcy Code. We conclude that it does.

## BACKGROUND

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in January 2009. Prior to that filing, the Debtor's father, Robert Borrett, had established an individual retirement account ("IRA") pursuant to Section 408 of Title 26 of the United States Code (the "Internal Revenue Code"). The Debtor was named the beneficiary of that IRA. After her father died in August 2008, and before filing her bankruptcy petition, the Debtor made a trustee-to-trustee transfer of the IRA to her own account at Wells Fargo; she did not "roll over" the account to her own IRA nor did she take any distributions from her father's IRA.[2] The Debtor has not contributed any of her own funds to the inherited account, and any withdrawals will be taxable to her.

---

[1] The Honorable Dennis D. O'Brien, United States Bankruptcy Court for the District of Minnesota.

[2] In fact, the beneficiary of an inherited account may not treat the account as his or her own by making contributions to it or rolling over the account into another retirement plan. *See* 26 U.S.C. § 408(d)(3)(C).

The Debtor claimed the inherited account as exempt in her Schedule E, pursuant to section 522(d)(12) of the Bankruptcy Code. The Trustee objected to the Debtor's claim of an exemption for the inherited account.

The bankruptcy court overruled the Trustee's objection to the Debtor's claimed exemption. It explained that the transfer of the contents of the Debtor's father's account to the inherited account was a trustee-to-trustee transfer as described in the Internal Revenue Service's Publication 590. *Individual Retirement Arrangements, (IRAs),* Department of the Treasury, Internal Revenue Service, Publication 590, at 20. The bankruptcy court then concluded that the transfer from the Debtor's father's account retained their character as retirement funds. Accordingly, it concluded that the funds in the account qualified for an exemption under Bankruptcy Code section 522(d)(12).

## STANDARD OF REVIEW

We review the bankruptcy court's conclusions of law *de novo. Alexander v. Jenson-Carter (In re Alexander)*, 239 B.R. 911, 913 (B.A.P. 8th Cir. 1999), *aff'd* 236 F.3d 431 (8th Cir. 2001). The facts are not in dispute.

## DISCUSSION

A debtor's bankruptcy estate is defined broadly to include all legal and equitable interests of the debtor in property, as well as other specific interests of the debtor. 11 U.S.C. §541. Bankruptcy Code section 522 allows the debtor to exempt certain property from his estate. 11 U.S.C. §522. Pursuant to section 522(d)(12), the debtor may take an exemption for:

[r]etirement funds to the extent those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

11 U.S.C. §522(d)(12). Accordingly, section 522(d)(12) imposes two requirements before a debtor may claim an exemption under that section: (1) the amount the debtor seeks to exempt must be retirement funds; and (2) the retirement funds must be in an account that is exempt from taxation under one of the provisions of the Internal Revenue Code set forth therein.

The Debtor's father's account was an "individual retirement account", as that term is defined under section 408(a). 26 U.S.C. §408(a). It is now classified as an "inherited individual retirement account" because the Debtor acquired the account by reason of her father's death. 26 U.S.C. §408(d)(3)(C).

**Retirement Funds**

The bankruptcy court correctly determined that the amounts in the inherited account were "retirement funds". The Trustee does not dispute the bankruptcy court's determination that, the amounts in the Debtor's father's IRA were his retirement funds prior to his death. He suggests, however, that to retain their status as retirement funds under section 522(d)(12) in the Debtor's inherited account, the contents of the inherited account would have to have been contributed by the Debtor or be part of the Debtor's retirement plan. Bankruptcy Code section 522(d)(12) makes no such distinction. Section 522(d)(12) requires that the account be comprised of retirement funds, but it does not specify that they must be the *debtor's* retirement funds. The Trustee's definition of retirement funds would impermissibly limit the statute beyond its plain language. *U.S. v. Ron Pair Enterprises*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)("where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms'")(citation omitted). In

accordance with the terms of Bankruptcy Code section 522(d)(12), even though the contents of the Debtor's inherited account were the Debtor's father's retirement funds, not the Debtor's own retirement funds, they remain in form and substance, "retirement funds."[3]

## Exempt from Taxation

The Debtor's inherited account is exempt from taxation under Internal Revenue Code section 408. The Trustee acknowledged that the Debtor's inherited account is not taxed until the Debtor makes a withdrawal. However, he suggested that the inherited account does not meet the requirements of Bankruptcy Code section 522(d)(12), reasoning that the "rules are different. . . regarding the use, distribution, and taxation of funds in an IRA versus an Inherited IRA." It is irrelevant whether a traditional IRA and an inherited IRA have different rules regarding minimum required distributions. Section 408(e) of the Internal Revenue Code provides, in pertinent part, that "*[a]ny* individual retirement account is exempt from taxation." 26 U.S.C. §408(e)(1)(emphasis added). It does not distinguish between an inherited IRA and traditional types of IRAs.

## Bankruptcy Code Section 522(b)(4)(C)

Bankruptcy Code section 522(b)(4)(C) reinforces our conclusion that the funds in the Debtor's inherited account are exempt under Bankruptcy Code section

---

[3] *But see In re Chilton,* --- B.R.---, No. 08-43414, 2010 WL 817331 (Bankr. E.D. Tex. Mar. 5, 2010), holding that the words "retirement funds" as used in section 522(d)(12), when read in context, "cannot reasonably be understood to authorize an exemption of an inherited IRA." *Chilton* at *4-7. Our research has not disclosed any other cases dealing with the exemption of an inherited IRA under section 522(d)(12) since the amendment of section 522 of the Bankruptcy Code in 2005, nor have the parties suggested any. We believe that the *Chilton* court's conclusion is erroneous because *inter alia*, it fails to take into account section 522(b)(4)(C) of the Bankruptcy Code, discussed *infra*, and in fact it would make that section totally meaningless.

522(d)(12). Section 522(b)(4)(C) provides that direct transfers from an account under Internal Revenue Code section 408(a) are exempt under Bankruptcy Code section 522(d)(12). It states, in pertinent part, that:

> [a] direct transfer of retirement funds from 1 fund or account that is exempt from taxation under section . . . 408. . . of the Internal Revenue Code of 1986, . . ., shall not cease to qualify for exemption under . . . subsection (d)(12) by reason of such direct transfer.

11 U.S.C. §522(b)(4)(C). The parties did not dispute that the retirement account held by the Debtor's father before his death was an individual retirement account under Internal Revenue Code section 408 or that the transfer from the father's account to the Debtor's inherited account was a direct trustee-to-trustee transfer. Accordingly, the direct transfer of funds from the father's account to the Debtor's inherited account did not destroy the Debtor's ability to claim the funds exempt under Bankruptcy Code section 522(d)(12) by virtue of Bankruptcy Code section 522(b)(4)(C).

## CONCLUSION

For the foregoing reasons, we affirm the decision of the bankruptcy court.

———————————