**In re Jennifer K. KUCHTA and Terrence B. Kuchta, Debtors.**

No. 09–15538.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

April 16, 2010.

Charles J. Van Ness, Mayfield Heights, OH, for Debtors.

*MEMORANDUM OF OPINION*

PAT E. MORGENSTERN-CLARREN, Bankruptcy Judge.

Prepetition, the debtor Jennifer Kuchta inherited the assets in an individual retirement account from her mother. She

transferred the assets via a trustee-to-trustee transfer to an IRA that she established in her name as beneficiary of her mother, and has begun to take taxable distributions from it. The debtor claims that the IRA is not part of her bankruptcy estate or, alternatively, that it is exempt from her estate under either state or federal law. The trustee challenges this, and moves for turnover of the IRA.[1] For the reasons stated below, the inherited IRA is part of the estate, the exemption under state law is disallowed, the exemption under federal law is allowed, and the trustee's turnover motion is denied.

### *JURISDICTION*

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (E).

### *ISSUES*

1. Where the debtor inherits an IRA prepetition from a non-spouse, is the IRA property of the bankruptcy estate?

2. If the inherited IRA is property of the bankruptcy estate, may the debtor exempt it from the estate under either:

   a. Ohio Revised Code § 2329.66(A)(10)(c); or

   b. 11 U.S.C. § 522(b)(3)(C)?

### *FACTS*

The parties stipulated to these facts:[2]

Helen Wisch died on June 21, 2005, naming the debtor Jennifer Kuchta as the beneficiary of four individual retirement accounts. The debtor elected to receive immediate distribution of all of the assets in two of the IRAs. She did not pay any penalty on this distribution. The debtor transferred the assets in the other two IRAs to an account that she established at U.S. Bank in the name of "Jennifer K. Kuchta, ABO [A Beneficiary Of] Helen L. Wisch, IRA Plan." The funds in this account (the inherited IRA) came solely from the debtor's inheritance and not from any of her wages or personal earnings. The debtor is prohibited by law from making any contributions to the inherited IRA.

For purposes of understanding the facts, the court itself notes here that the debtor is required by law to begin to take distributions from the inherited IRA under a timetable established by regulation. Returning to the stipulations, the debtor elected the Five–Year Rule distribution option and began to receive distributions monthly from the inherited IRA. The distributions are taxable to the debtor in the year in which they are received. As with the other two IRAs that the debtor liquidated immediately, the debtor has not paid any penalty on the distributions received from the inherited IRA.

On June 17, 2009, Jennifer and Terrence Kuchta filed their chapter 7 case. Jennifer Kuchta claimed the inherited IRA as exempt under either Ohio Revised Code § 2329.66(A)(10)(c)[3] or 11 U.S.C. § 522(b)(3)(C). The IRA is valued at $7,259.07.

The debtor is 39 years old, married with one minor child, and is disabled.

### *DISCUSSION*

### I.

#### *Traditional IRAs compared to Inherited IRAs*

It is helpful to begin by focusing on the difference between a traditional IRA and

1. Docket 22, 25, 30, 31, 33, 34, 39, 41, 43.

2. Docket 35, 38.

3. The debtor also referred to Ohio Revised Code § 2329.66(A)(17). She did not brief this issue and it is not relevant in any event.

an inherited IRA, a distinction that this court recently addressed in *In re Warren and Michelle Reinhard*, No. 08–15357, Docket 45 (order entered March 31, 2010):

> A traditional IRA is intended to be a vehicle for individuals to save for their own retirement. To encourage people to participate, the Internal Revenue Code provides tax benefits to the taxpayer, with the exact benefits depending on the type of retirement vehicle selected by the individual. When the owner of an IRA dies, the Internal Revenue Code permits the contents of the IRA to go to someone other than the account owner's spouse, in which case the distribution is referred to as an inherited IRA. *See* 26 U.S.C. § 408(d)(3)(C). When an IRA is inherited by a non-spouse, the inheriting individual may not roll over any amounts into or out of the IRA, may not make contributions to it, and must begin to take distributions from it in a matter of years, regardless of the individual's health or age. *See* 26 U.S.C. § 408; 26 C.R.R. § 1.408–2(b)(7); IRS Publication 590 at 20 (2009).

## II.

### *Is the Inherited IRA part of the Bankruptcy Estate under § 541?*

The filing of a bankruptcy case creates a bankruptcy estate that generally consists of all legal and equitable interests of the debtor in property. 11 U.S.C. § 541(a). The debtor makes a cursory argument that the inherited IRA is not property of the estate because it is a "beneficial trust in an IRA that is exempt under 'applicable non-bankruptcy law,' to wit: R.C. 2329.66(a)(10)(c) [sic]." [4] The trustee responds that the debtor's interest is not in a trust because an IRA is not a spendthrift trust.

"Legislative history indicates section 541 is intended to be given a broad definition[.]" *Johnston v. Hazlett (In re Johnston),* 209 F.3d 611, 613 (6th Cir.2000). Section 541(c)(1) reinforces this by providing generally that a debtor's property is included in the estate even if there are restrictions on the debtor's ability to transfer the property. 11 U.S.C. § 541(c)(1). There is one narrow exception: under § 541(c)(2), if the debtor has a beneficial interest in a trust that has a restriction that is enforceable under nonbankruptcy law, then the restriction is also enforceable in a bankruptcy case. 11 U.S.C. § 541(c)(2). A classic example of such a trust is a spendthrift trust, called by that name because the trust "imposes a restraint on the voluntary and involuntary transfer of the beneficiary's interest in the trust property." *In re Delmoe,* 365 B.R. 124, 128 (Bankr.S.D.Ohio 2007) (quoting *Scott v. Bank One Trust Co.,* 62 Ohio St.3d 39, 44, 577 N.E.2d 1077 (1991)). Assets held in other kinds of trusts may, however, also be protected under § 541(c)(2). *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *Taunt v. Gen. Ret. Sys. (In re Wilcox),* 233 F.3d 899, 904 (6th Cir.2000).

"An inquiry under § 541(c)(2) normally has three parts: First, does the debtor have a beneficial interest in a trust? Second, is there a restriction on the transfer of that interest? Third, is the restriction enforceable under nonbankruptcy law?" *In re Wilcox,* 233 F.3d at 904. The debtor has the burden of proof on this issue. *Rhiel v. Adams (In re Adams),* 302 B.R. 535, 540 (B.A.P. 6th Cir.2003).

The Supreme Court considered various aspects of § 541(c)(2) in the cases of *Pat-*

4. Debtor's response, docket 41 at 2–3.

*terson v. Shumate,* 504 U.S. 753, 763, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) and *Rousey v. Jacoway,* 544 U.S. 320, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005). In *Patterson,* the Court held that the debtor could exclude his ERISA-qualified pension plan from the bankruptcy estate under that section. In its discussion, the Court noted that "[a]lthough a debtor's interest [in an IRA] could not be excluded under § 541(c)(2) ..., that interest nevertheless could be exempted under § 522(d)(10)(E)." *Patterson,* 504 U.S. at 763, 112 S.Ct. 2242. The court returned to this specific statement in *Rousey* to support the holding in that case that IRAs may be exempted from the estate. *Rousey,* 544 U.S. at 326, 125 S.Ct. 1561. Under the Bankruptcy Code, an asset must first be property of the estate before it can be taken out of the estate. This seems to lead logically to the conclusion that an IRA is property of the estate. Nevertheless, the decisions did not specifically address the issue raised here, which is whether the IRA is not property of the estate because it is a trust within the meaning of § 541(c)(2).

The term "trust" is not defined in the Bankruptcy Code. Internal Revenue Code § 408 provides that "[f]or purposes of this section, the term 'individual retirement account' means a trust...." 26 U.S.C. § 408(a). The limiting language—"for purposes of this section"—is significant. For purposes of the tax code, an IRA is a trust. This is not, however, a controlling definition for the Bankruptcy Code. *See In re Adams,* 302 B.R. at 542 (noting that "special treatment [as a trust under § 401(a) ] is expressly limited to the Internal Revenue Code and so does not apply at all to the Bankruptcy Code.").

In the absence of a federal definition, the bankruptcy court looks to applicable state law. *Stevenson v. J.C. Bradford & Co. (In re Cannon),* 277 F.3d 838, 849 (6th Cir.2002) (looking to state law to define express trust); *In re Adams,* 302 B.R. at 540 (looking to state law to define a trust for purposes of § 541(c)(2)); *Booth v. Vaughan (In re Booth),* 260 B.R. 281, 290–91 (6th Cir. BAP 2001) (court looked to state law to define "constructive trust" for the purpose of § 541(c)(2)).

Under Ohio law:

> a trust is created by "an explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was intended to be created, accompanied with an intention to create a trust, followed by an actual conveyance ... of definite property ... vesting the legal title presently in a person capable of holding it, to hold as trustee for the benefit of a cestui que trust."

*In re Adams,* 302 B.R. at 540 (quoting *Ulmer v. Fulton,* 129 Ohio St. 323, 195 N.E. 557, 564 (1935)). For "a trust to be a trust, the legal title of the res must immediately pass to the trustee...." *Kelly v. May Assocs. Fed. Credit Union,* No. 23423, 2008 WL 836014, at *4 (Ohio Ct. App. Mar. 31, 2008) (quoting *First Nat'l Bank of Cincinnati v. Tenney,* 165 Ohio St. 513, 518, 138 N.E.2d 15 (1956)). The *Kelly* court considered whether a disputed IRA was a trust under Ohio law; in concluding that it was not, the court pointed out that legal title to funds in an IRA ordinarily remains with the owner and does not pass to the trustee. *But see McDonald & Co. Sec., Inc. v. Alzheimer's Disease and Related Disorders Ass'n, Inc.,* 140 Ohio App.3d 358, 363, 747 N.E.2d 843 (assuming without analysis under Ohio law that an IRA is a trust). This court finds the *Kelly* case to be more on point, and follows it as a statement of Ohio law. As a result, the debtor should have come forward with evidence or legal argument to establish that the IRA is a trust. Because she did not, her argument fails.

Additionally, even if the IRA were a trust, the debtor must prove that there is an enforceable restriction on the debtor's ability to access the funds in the trust. The stipulated facts here are to the contrary. The debtor had the ability to choose how and when to receive the funds in the inherited IRA, and is now receiving distributions in accordance with her own choice.

The debtor did not meet her burden of proving that the inherited IRA falls within the exception to § 541(a). As a result, the IRA is property of the estate.

## III.

*May the debtor exempt the inherited IRA from her estate?*

A debtor may exempt—or remove—certain property from the estate so that the debtor has the means to make a fresh economic start. *See* 11 U.S.C. § 522. Ohio has opted-out of the federal exemptions, meaning that debtors who file a bankruptcy case in Ohio must use the Ohio exemptions. *See* 11 U.S.C. § 522(b)(2) (permitting states to opt-out of the federal bankruptcy exemptions); and OHIO REVISED CODE § 2329.662 (in which Ohio opts-out). All exemptions are liberally construed in favor of the debtor. *In re Peacock,* 292 B.R. 593, 595 (Bankr.S.D.Ohio 2002). The objecting party has the burden of proving that an exemption should not be allowed. FED. R. BANKR.P. 4003(c); *Hamo v. Wilson (In re Hamo),* 233 B.R. 718, 723 (6th Cir. BAP 1999).

If a debtor who has established an IRA and contributed wages or other earnings to it files a bankruptcy case in Ohio, the debtor is entitled to exempt some part of the IRA from the bankruptcy estate under either state law (Ohio Revised Code § 2329.66(A)(10)(c)) or the federal exemption that applies regardless of whether the state opts-out of the other federal exemptions. (11 U.S.C. § 522(b)(3)(C)). The debtor argues that the same principle should apply to inherited IRAs. The trustee's basic response is that the inherited IRA is an inheritance, not an IRA.

### A. *Is the debtor entitled to claim the inherited IRA as exempt under Ohio Revised Code § 2329.66(A)(10)(c)?*

In *In re Reinhard,* this court considered whether the debtor was entitled to exempt his interest in an inherited IRA under Ohio Revised Code § 2329.66(A)(10)(c). That statute provides that a debtor may exempt an IRA from a bankruptcy estate where the debtor has made the contributions to the IRA and payments from the IRA are made by reason of illness, disability, death or age. Applying that language, the court held that an inherited IRA is not exempt under the Ohio law because the debtor did not contribute her funds to it within the meaning of the statute and also because the benefits from an inherited IRA are not paid by reason of illness, disability, death or age.[5]

The debtor in this case argues for a different result, stating that she "directly rolled funds from a qualified IRA into a beneficiary IRA established in accordance with Internal Revenue Code rules." [6] This is factually inaccurate. There is a crucial legal distinction between (1) funds that are rolled over from one eligible IRA to another; and (2) funds that are transferred in a trustee-to-trustee transfer. The Internal Revenue Code specifically prohibits a nonspouse from rolling over funds from the

5. The parties to this case filed their briefs before the court issued the *Reinhard* decision.

6. Docket 41 at 6.

original IRA into the beneficiary's IRA. While the funds may be transferred, they may not be given rollover treatment for tax purposes. *See* 26 U.S.C. § 408; IRS Publication 590 at 20 (2009). The debtor in this case did not roll the funds over from one qualified IRA into another. Instead, the funds were transferred in the manner authorized by the Internal Revenue Code; that is, a trustee to trustee transfer. This case is, therefore, factually similar to the *Reinhard* case.

The case cited by the debtor to support her position does not do so. In *In re Malsch,* 400 B.R. 584 (Bankr.N.D.Ohio 2008) the debtor was the beneficiary of a life insurance policy on her husband's life. When her husband die d, the debtor used $35,000.00 of the cash proceeds to purchase a variable annuity. A few years later, she filed her bankruptcy case and claimed the annuity as exempt under Ohio Revised Code § 2329.66(A)(10)(c). The trustee objected. The bankruptcy court held that the debtor's $35,000.00 contribution to the annuity exceeded the applicable $5,000.00 annual contribution limits, and disallowed the exemption in part. The court expressly noted that the debtor could not have rolled over the life insurance proceeds into the IRA because the proceeds did not qualify for rollover treatment. The *Malsch* case does not, therefore, advance the debtor's argument. The debtor may not exempt the inherited IRA from her bankruptcy estate under the Ohio exemption.

**B. *Is the debtor entitled to exempt the inherited IRA under 11 U.S.C. § 522(b)(3)(C)?***

As noted above, debtors who file in Ohio are required to take most of their exemptions under Ohio law. Bankruptcy Code § 522(b)(3)(C), however, provides one federal exemption to Ohio debtors. The statute states that:

> (b) (1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection . . .
>
> * * *
>
> (3) Property listed in this paragraph is-
>
> (C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

11 U.S.C. § 522(b)(3)(C). Unlike Ohio Revised Code § 2329.66(A)(10)(c), this exemption is not limited to the situation where the benefits are paid out based on illness, disability, death or age. The only question is whether the funds are retirement funds in an account that is tax exempt under the relevant Internal Revenue Code provisions. The Bankruptcy Code does not define "retirement funds."

The parties stipulated that the debtor's inherited IRA was established through a direct trustee-to-trustee transfer of the assets which she received as a beneficiary of her mother's IRA. The Bankruptcy Appellate Panel of the Eighth Circuit recently found under similar facts that an inherited IRA fell within the § 522(d)(12) exemption for funds that are retirement funds in a tax exempt account. *Doeling v. Nessa (In re Nessa),* No. 10–2009, 2010 WL 1407777 (B.A.P. 8th Cir. Apr. 9, 2010); *but see In re Chilton,* 426 B.R. 612, 2010 WL 817331 (Bankr.E.D.Tex. Mar.5, 2010) (concluding that an inherited IRA does not meet the standard of being retirement funds in a tax-exempt account). The § 522(d)(12) exemption is identical to the § 522(b)(3)(C) exemption at issue here. In *Nessa,* the

debtor's father established and contributed to an IRA, naming the debtor as his beneficiary. At the father's death, the debtor transferred the funds in a trustee-to-trustee transfer to her own account. The bankruptcy court found that the funds retained their character as "retirement funds" despite this transfer. The Eighth Circuit BAP, relying on the plain meaning of § 522(d)(12), affirmed, finding that Congress could have, but did not, state that the funds had to be *the debtor's* retirement funds. The BAP also concluded that the inherited IRA was exempt from taxation under Internal Revenue Code § 408, thus meeting the second statutory requirement. The BAP further found that § 522(b)(4)(C) supported this conclusion. The latter section provides that a direct transfer of retirement funds from an account that is exempt from taxation under Internal Revenue Code § 408 does not cease to qualify for the exemption by reason of the transfer.

Bearing in mind the burden of proof on this issue and the requirement that exemptions be liberally construed in favor of the debtor, this court agrees with the reasoning and result in *Nessa*. Therefore, the debtor's inherited IRA is determined to be exempt under the federal exemption.[7]

## CONCLUSION

For the reasons stated, the trustee's objection to the debtor's exemption claim is overruled. The inherited IRA is determined to be property of the estate that is not exempt under state law, but that is exempt under federal law. A separate order will be entered reflecting this decision.

7. Section 522(b)(4)(A) provides that retirement funds in a retirement fund that has received a favorable determination under Internal Revenue Code § 7805 are presumed to

## JUDGMENT

For the reasons stated in the memorandum of opinion filed this same date,

IT IS ORDERED that the trustee's objection to the debtor Jennifer Kuchta's claim of exemption is sustained as to the exemption claim under Ohio Revised Code § 2329.66(A)(10)(c) and overruled as to the exemption claim under 11 U.S.C. § 522(b)(3)(C). The trustee's motion for turnover is also denied. (Docket 22, 25, 30, 31, 33, 34, 39, 41, 43).

be exempt from the estate. 11 U.S.C. § 522(b)(4)(A). Neither party addressed this presumption and the court has not taken it into consideration in reaching this decision.