In re Brandon C. CLARK and Heidi K. Heffron–Clark, Debtors.

Brandon C. Clark and Heidi K. Heffron–Clark, Appellants,

v.

William J. Rameker, Trustee, and Resul and Zinije Adili, d/b/a Kegonsa Plaza, Appellees.

No. 11–cv–482–bbc.

United States District Court, W.D. Wisconsin.

Jan. 5, 2012.

**136**

Denis P. Bartell, Sean Michael Murphy, Dewitt Ross & Stevens S.C., Madison, WI, for Appellants.

William J. Rameker, Erin A. West, Murphy Desmond SC, Roger Alan Sage, Attorney Roger Sage, Madison, WI, for Appellees.

## OPINION AND ORDER

BARBARA B. CRABB, District Judge.

This appeal from a final decision of the bankruptcy court raises the question whether Inherited Individual Retirement Accounts qualify for exemption from a bankruptcy estate under the Bankruptcy Code. (Inherited IRAs hold funds inherited from persons who established Individual Retirement Accounts for their own use and died before depleting the funds in those accounts.) Bankruptcy Judge Robert Martin concluded in this case that these accounts do not qualify for exemption. With one exception, every other court to consider the question under federal law has reached the contrary conclusion. The question is an open one in this circuit.

Although Judge Martin analyzed the case in his usual thoughtful manner, I am not persuaded to adopt his conclusion. I conclude instead that the bankruptcy trustee has not met his burden of showing that Heidi Heffron–Clark's Inherited IRA may not be exempted from the appellant's bankruptcy estate.

## RECORD FACTS

In August of 2000, Ruth Heffron established an individual retirement account and named appellant Heidi Heffron–Clark, her daughter, as the sole beneficiary. Ruth Heffron died on September 19, 2001. Heffron–Clark established a Beneficiary Individual Retirement Account (commonly referred to as an Inherited IRA) in November 2001 and caused the remaining balance of her mother's account to be distributed to the Inherited IRA in December 2001. Beginning in 2002, Heffron–Clark and her husband, appellant Brandon Clark, took monthly distributions from the Inherited IRA, although neither was retired. (To make things easier for the reader, I will refer to the Clarks as the debtors and use "trustee" to refer to both the trustee and the Adilis.)

On October 28, 2010, the debtors filed a chapter 7 bankruptcy petition. Initially, they claimed the Inherited IRA as exempt under state law (Wis.Stat. § 815.18(3)(j)), but they amended their schedules later to claim it as exempt under federal law (11 U.S.C. § 522(b)(3)(C)) as well. Appellees William Rameker, the bankruptcy trustee, and Resul and Zinije Adili, d/b/a Kegonsa Plaza, a judgment creditor, objected to the debtors' exemption for the Inherited IRA, which was valued at the time at $293,338. Their objection was upheld on May 10, 2011, when the bankruptcy court ruled in their favor, denying the exemption under both federal and state law. On this appeal, appellants challenge only the bankruptcy court's ruling regarding the federal exemption under 11 U.S.C. § 522(b)(3)(C). Dkt. # 2, at 1–2.

## OPINION

### A. *Background*

When a debtor files for bankruptcy, "all legal or equitable interests of the debt-

or in property" become part of the bankruptcy estate. 11 U.S.C. § 541(a)(1). A debtor may then place certain types of property beyond the reach of creditors to help her make a fresh start with an appropriate standard of living. 11 U.S.C. § 522(b)(1); *Rousey v. Jacoway,* 544 U.S. 320, 325, 327, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005) (holding under previous version of § 522(d) that exemptions are designed to help debtors make fresh start and that petitioners could exempt their individual retirement accounts under § 522(d)(10)(E)). A debtor may elect to claim exemptions under § 522(d) of the Bankruptcy Code or, in the alternative, under state and federal non-bankruptcy law. *Id.* The Code also permits states to opt out of the substantive federal exemptions, in which case debtors domiciled in those states may not claim the exemptions under § 522(d). *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

■ Although Congress has generally given latitude to the states regarding exemptions, it enacted a uniform exemption for tax-favored retirement funds that applies even if a debtor selects non-bankruptcy law or lives in a state that has opted out of federal exemptions. H.R.Rep. No. 109–31(I) (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 132. Both 11 U.S.C. § 522(d)(12) (the state provision) and § 522(b)(3)(C) (the federal provision) provide an exemption for "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation" under certain sections of the Internal Revenue Code of 1986, including § 408. Thus, property is exempt under these provisions if (1) it qualifies as "retirement funds" and (2) the funds are in a fund or account that is tax-exempt under IRC §§ 401 (pension, profit-sharing and stock bonus plans), 403 (employee annui-

ties), 408 (IRAs), 408A (Roth IRAs), 414 (employee benefit plans), 457 (deferred compensation plans for states and local government and non-profits), or 501(a) (trusts qualifying as exempt organizations).

■ The parties dispute whether Inherited IRAs of the kind held by appellants satisfy either requirement for exemption. Because a debtor's claim of exemption is presumptively valid, the trustee has the burden to prove by a preponderance of the evidence that the bankruptcy laws do not permit the debtors to claim the Inherited IRA as exempt. 11 U.S.C. § 522(*l*); Fed. R. Bankr.P. 4003(c). To do this, he has to show either that Heffron–Clark's Inherited IRA does not include retirement funds or that it is not tax-exempt under the applicable provisions of the Internal Revenue Code.

One point should be cleared up at the outset. The debtors have objected to what they view as the bankruptcy court's statement that the size of the Inherited IRA in this case was an additional reason to undertake an independent interpretation of § 522(b)(3)(C), instead of simply adopting the reasoning of prior cases. I doubt this is what the bankruptcy court meant, but the comment is irrelevant. Like this court, the bankruptcy court has an independent obligation to interpret the statute in the absence of controlling authority, whatever the size of the account.

B. *Individual Retirement Accounts*

The traditional IRA is designed to give individuals an incentive to save for retirement. Income tax is deferred on any contributions made to the IRA and on income earned on those assets until they are withdrawn. 26 U.S.C. § 219(a); 26 U.S.C. § 408(e)(1). To promote the preservation of the assets until retirement, the law subjects any assets withdrawn before the account holder turns 59 1/2 to a ten percent

penalty. 26 U.S.C. § 408(d)(1) (cross-referencing 26 U.S.C. § 72); *Rousey*, 544 U.S. at 327–29, 332–33, 125 S.Ct. 1561 (describing limited exceptions to early distribution penalty). To insure that the funds are used for retirement, the holder of the account must begin taking minimum required distributions no later than the year in which he reaches 70 1/2. 26 U.S.C. § 408(b).

A spouse inheriting a traditional IRA may elect to treat the account as his own retirement account, roll over the funds into his own IRA or be treated as a non-spouse beneficiary. 26 U.S.C. § 408(d)(3); 26 U.S.C. § 401(a)(9)(B); 26 C.F.R. 1.408–8, Q–5. Beneficiaries who choose one of the first two options may make tax-deferred contributions to the account, but their use of the funds is subject to the same restrictions that were in place when the deceased spouse owned the account and that are designed to protect retirement savings in traditional IRAs and insure that the funds are used during retirement.

A variation of the traditional IRA comes into existence when a beneficiary such as Heffron–Clark inherits the assets of an IRA from someone other than her spouse and puts the assets in an Inherited IRA. The beneficiary cannot treat the account as her own retirement account or roll over the inherited funds into her own IRA. 26 U.S.C. § 408(d)(3)(C)(i) & (ii). She must set up the account and maintain it in the name of the deceased IRA owner for the benefit of the beneficiary. 26 U.S.C. § 402(c)(11)(A); IRS Publication 590 at 20 (2006). She may not make contributions to the Inherited IRA and must begin taking distributions immediately, without regard to her age or employment status. 26 U.S.C. § 401(a)(9)(B). She may withdraw the entire amount immediately; if she does not, she must either withdraw all the funds from the account within five years or take annual minimum distributions over her lifetime. This extension of time enables the beneficiary to reduce the income tax liability she might face if she took the money in one lump sum distribution.

In addition to these IRAs, certain accounts established by employers or associations of employees may qualify for treatment as IRAs, 26 U.S.C. § 408(c), as may Roth accounts. 26 U.S.C. § 408A(a). None of these are at issue in this case.

### C. *Exempting Inherited IRAs from Bankruptcy Estate*

### 1. *The meaning of the term "retirement funds"*

a. The bankruptcy court's interpretation of the term

■ The bankruptcy judge began his analysis of the question in this case with the plain meaning of the term "retirement funds," as used in 11 U.S.C. § 522(c)(3)(C). As he noted, the general presumption is that " 'Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning.' " *In re Clark*, 450 B.R. 858, 862 (Bankr.W.D.Wis. 2011) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

The Bankruptcy Code does not define retirement funds, so the bankruptcy judge looked to the dictionary definition. *Merriam Webster's Ninth New Collegiate Dictionary*, 1007 (9th ed. 1986), defines retirement as "withdrawal from one's position or occupation or from active working life." From this, the bankruptcy judge determined that the only funds that would qualify for exemption were those that were "retirement funds" in fact, "held in anticipation of 'withdrawal from one's position or occupation.' " *Id.* at 863.

Heffron–Clark's account did not qualify, the bankruptcy judge determined, because the funds she received from her mother could no longer be classified as anyone's retirement funds. Ruth Heffron had died and her daughter was required to take distributions from the account even though she was still working. The bankruptcy court declined to characterize the funds as retirement funds when "[t]hey are not segregated to meet the needs of, nor distributed on the occasion of, any person's retirement." *Id.* In his view, it was "the purpose of the fund and not its name, that determines the plain meaning of the phrase." *Id.*

The bankruptcy judge gave weight to the Internal Revenue Code's treatment of Inherited IRAs, noting the ways in which they were afforded different treatment from that given to traditional IRAs: a holder of an Inherited IRA cannot make contributions to the account, cannot roll over the account to her own IRA and cannot defer taking monthly distributions; a holder of a traditional IRA may do all of these things. He concluded by saying that he had not been able to determine "any primary legal source for the proposition that the debtors' Inherited IRA is tax exempt." *Id.* at 864. "The debtors' Inherited IRA does not seem to meet any of [the] criteria listed in [26 U.S.C.] 408(a)," such as the requirements that contributions be made in cash and not exceed certain limits, that the account holder's interest in the account balance must be nonforfeitable and that the assets not be commingled with other property. *Id.*

b. The majority's interpretation of the term

As the debtors emphasize, with the exception of this case and one other, all of the bankruptcy courts and district courts that have addressed this precise issue have ruled in favor of the debtors. In all of the cases, the facts have been indistinguishable from those in this case. *In re Nessa,* 426 B.R. 312, 314 (8th Cir. BAP 2010); *In re Stephenson,* No. 11–cv–10848, 2011 WL 6152960 (E.D.Mich. Dec. 12, 2011); *Chilton v. Moser,* 444 B.R. 548, 552 (E.D.Tex. 2011); *In re Johnson,* 452 B.R. 804, 808 (Bankr.W.D.Wash.2011); *In re Thiem,* 443 B.R. 832, 844 (Bankr.D.Ariz.2011); *In re Kuchta,* 434 B.R. 837, 840 (Bankr. N.D.Ohio 2010); *In re Tabor,* 433 B.R. 469, 476 (Bankr.M.D.Penn.2010); *In re Weilhammer,* No. 09–15148–LT7, 2010 WL 3431465 at *16 (Bankr.S.D.Cal. Aug. 30, 2010). The only court to rule otherwise was the bankruptcy court in Eastern Texas, *In re Chilton,* 426 B.R. 612 (Bankr. E.D.Tex.2010), and its decision has since been overruled on appeal by the district court. *Chilton,* 444 B.R. 548.

The leading case for the majority view is *In re Nessa,* 426 B.R. 312, decided by the Bankruptcy Appellate Panel for the Eighth Circuit. In *Nessa,* the panel assumed that the term referred to funds set aside for retirement but, unlike the bankruptcy court in this case, it held that the term applied to any account that contained such funds, so long as the funds had been accumulated for retirement purposes originally. The panel was not persuaded that the funds in such an account lost their character as retirement funds when they were transferred by inheritance to a nonspouse by a direct transfer from one trustee to another. In its view, § 522(d)(12) did not make such a distinction. "Section 522(d)(12) requires that the account be comprised of retirement funds, but it does not specify that they must be the *debtor's* retirement funds. The Trustee's definition of retirement funds would impermissibly limit the statute beyond its plain language." *Id.* at 314 (emphasis in original).

The panel found support for its conclusion in § 522(b)(4)(C), which provides that direct transfers of retirement funds from one fund or account exempt from taxation do not cease to qualify for exemption under subsection (d)(12) by reason of such a direct transfer. Section 522(b)(4)(C) was added in 2005 as part of Pub.L. 109–8, April 20, 2005. It provides in relevant part that

A direct transfer of retirement funds from 1 fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986, under section 401(a)(31) of the Internal Revenue Code of 1986, or otherwise, shall not cease to qualify for exemption under paragraph (3)(C) or subsection (d)(12) by reason of such direct transfer.

(Oddly enough, this provision says nothing about where the funds must go, only where they must come from. Presumably the drafters meant to say something to the effect that "the funds are transferred directly to the trustee of another fund or account exempt from taxation," which is how the courts favoring exemption of Inherited IRAs have read it.) The panel read subsection (C) of § 522(b)(4) as evidence that Congress had not intended the direct transfer of funds from a beneficiary's IRA to her Inherited IRA to change the character of those funds from retirement funds and prevent the beneficiary from claiming the inherited funds as exempt from her bankruptcy estate.

Finally, the panel found that the Inherited IRA was exempt from taxation under 26 U.S.C. § 408, because the funds in such an account are not taxed until they are withdrawn. The panel dismissed the trustee's argument that this was the wrong approach to apply because the rules governing Inherited IRAs are different from those governing traditional IRAs regarding the use, distribution and taxation of funds. Instead, it read § 408(e)(1) as providing that "[a]ny individual retirement account is exempt from taxation" and it pointed out that "[Section 408(e)(1) ] does not distinguish between an inherited IRA and traditional types of IRAs." *Id.* at 315.

The panel found that the account at issue contained retirement funds; it had been established as a traditional IRA by the debtor's father; it passed to the beneficiary by inheritance and did not change its character because of the transfer; and it remained tax exempt under § 408(e); therefore, the beneficiary could exempt the funds in the account from her bankruptcy estate.

2. *Resolving the difference between the minority and majority positions*

The difference between the minority and majority positions comes down to one issue: Do retirement funds held in a traditional IRA account lose their character upon the death of the account owner before the funds pass to a non-spouse beneficiary? Judge Martin thought that the funds do not remain retirement funds after transfer because the term "retirement funds" in § 522 refers only to funds set aside by the debtor to be used for her or her spouse's own retirement. The majority concluded that Congress never put any such qualification on the term. Obviously, the issue cannot be resolved by looking at the plain meaning of the statute. The statute is not clear, or plain, on this point.

One could argue on behalf of the minority position that the issue is not resolved by the fact that of all the property that § 522 specifies as potentially qualified for exemption from the estate, only the provisions relating to retirement funds is not limited by a reference to "the debtor." Such a limitation is implicit in the provisions because they are part of a statute that speci-

fies what property belonging to the debtor can be subject to exemption from bankruptcy. In other words, the omission of any reference to "the debtor's interest" in subsection (C) of § 522(b) or subsection (12) of § 522(d) is of no significance because that qualification can be inferred from the fact all of the other listings relate to property in which the debtor has an interest. Such a reading supports Judge Martin's conclusion that the exemption is available only to "the debtor's retirement funds" and not to retirement funds accumulated by someone else but inherited by the debtor.

■ On the other hand, it is fair to infer that words excluded from a statute are excluded for a purpose. It is a particularly persuasive inference to draw in this instance, where the drafters omitted the same phrase from two statutes, subsection (C) of § 522(b)(3) and subsection (12) of § 522(d). The omission is particularly noteworthy in § 522(d), which has 11 other subsections, all of which contain a specific reference to "the debtor's interest" in certain property or "the debtor's right" to property. It is a close call but I believe that the majority has read the statute correctly. I agree with the holding in *In re Nessa*, 426 B.R. at 314, that § 522(d)(12) and the identical provision in § 522(b)(3)(C) do not distinguish between an account built up by a decedent and inherited by a debtor and an account made up of contributions by the debtor herself. *See also Chilton v. Moser*, 444 B.R. at 552; *In re Johnson*, 452 B.R. at 808; *In re Thiem*, 443 B.R. at 844; *In re Kuchta*, 434 B.R. at 840; *In re Tabor*, 433 B.R. at 476; *In re Weilhammer*, 2010 WL 3431465 at *16.

Section § 522(d)(12) requires both that the funds in question be retirement funds and that they be in an account that is exempt from tax after they have been transferred. The parties have agreed that the funds in question were transferred directly from one account exempt from taxation in a trustee-to-trustee transaction to Heffron–Clark's Inherited IRA, so the only remaining question is whether they remained tax exempt after the transfer.

■ In this case, the bankruptcy court thought that the difference in treatment between traditional IRAs and Inherited IRAs meant that the latter do not qualify as tax-exempt funds after their transfer. It is true that the two funds are subject to different rules about the amounts and timing of distributions and whether they can be rolled over, but in both cases, the principal and interest earnings are exempt from income taxes until they are distributed. This is sufficient to make them both tax exempt. If there were any question about it, it would be resolved by 26 U.S.C. § 408(e)(1), which says expressly that "*[a]ny* individual retirement account is exempt from taxation under this subtitle" (emphasis added), with two exceptions of no relevance to this dispute. *See also Jankelovits v. C.I.R.*, 2008 WL 5330811 at *2 (U.S.Tax Ct.2008) (amounts transferred from trustee of decedent's IRA directly to trustee of another account are not treated as taxable distribution to beneficiary).

In summary, I am persuaded that the majority has reached the right result, both because its construction of the applicable statutes is more persuasive and because the result conforms with the directive to interpret close statutes in favor of the debtor. *In re Barker*, 768 F.2d 191, 196 (7th Cir.1985) ("where an exemption statute might be interpreted either favorably or unfavorably vis-à-vis the debtor, [courts] should interpret the statute in a manner that favors the debtor"). I conclude therefore that the bankruptcy trustee has not met his burden of showing that Heidi Heffron–Clark's Inherited IRA can-

not be exempted from the debtors' bankruptcy estate.

As a policy matter, there may be reason to question whether inherited funds should be exempt from bankruptcy just because they were held by the decedent in the form of an IRA and not as stock or gold bullion. It seems incongruous to allow the exemption from bankruptcy of an IRA worth more than a quarter-million dollars while limiting the exemption for a motor vehicle to $3,450. This, however, is a question for Congress and not for this court.

## ORDER

IT IS ORDERED that the decision of the United States Bankruptcy Court for the Western District of Wisconsin denying the claim of exemption for appellant Heidi Heffron–Clark's Inherited Individual Retirement Account filed by appellants Heidi Heffron–Clark and Brandon Clark is REVERSED and REMANDED for further proceedings consistent with this opinion.