# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2012

Lyle W. Cayce
Clerk

No. 11-40377

In the matter of: JANICE ELAINE CHILTON; ROBERT GREGG CHILTON,

Debtors.

ROBERT GREGG CHILTON AND JANICE ELAINE CHILTON,

Appellees,

v.

CHRISTOPHER MOSER,

Appellant.

---

Appeal from the United States United States District
Court for the Eastern District of Texas

---

Before BENAVIDES, STEWART, and GRAVES, Circuit Judges.

CARL E. STEWART, Circuit Judge:

The debtors Robert Gregg Chilton and Janice Elaine Chilton inherited an IRA worth $170,000 from Janice Elaine Chilton's mother, Shirley Jean Heil. When they filed for bankruptcy, the debtors sought to exempt the inherited IRA from the bankruptcy estate pursuant to 11 U.S.C. § 522(d)(12), which permits debtors to exempt certain "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation" under specified provisions of the Internal Revenue Code. Christopher Moser, the Chapter 7 Trustee for the

No. 11-40377

debtor's bankruptcy proceeding, objected to the exemption, arguing that inherited IRAs do not qualify for exemption under section 522(d)(12). After the bankruptcy court ruled for the trustee, the district court reversed the bankruptcy court. Because we hold that inherited IRAs are exempt from the bankruptcy estate pursuant to 11 U.S.C. § 522(d)(12), we AFFIRM the district court's judgment.

## I.

The facts are not disputed. For several years, Heil held an individual retirement account ("IRA") with RBC Dain Rauscher. After Heil died on November 28, 2007, Heil's account passed directly to Chilton, the account's designated beneficiary and Heil's daughter, without passing through probate proceedings. Chilton established an IRA with RBC Dain Rauscher to receive distributions from Heil's IRA. Chilton's IRA was established as an inherited IRA under the Internal Revenue Code (the "inherited IRA").

The debtors filed for bankruptcy under Chapter 7 of the Bankruptcy Code on December 18, 2008. They listed the inherited IRA as an asset in their bankruptcy petition and sought to exempt $170,000 contained in the inherited IRA pursuant to 11 U.S.C. § 522(d)(12). The trustee objected to the claimed exemption on the grounds that the funds in the inherited IRA are not "retirement funds" within the meaning of 11 U.S.C. § 522(d)(12) and are not contained in the type of tax-exempt accounts specified in 11 U.S.C. § 522(d)(12). In response to the trustee's objection, the debtors converted their filing to a bankruptcy under Chapter 13 of the Bankruptcy Code.

The trustee again objected to the debtors' claimed exemption. After a hearing on October 28, 2009, the bankruptcy court sustained the trustee's objection by order dated March 5, 2010. The district court then reversed the ruling of the bankruptcy court, citing a number of cases decided subsequent to

No. 11-40377

the bankruptcy court's ruling that arrived at the opposite result.  This appeal followed.

## II.

### A.

This court reviews questions of law such as the interpretation of the Bankruptcy Code de novo.  *See, e.g., In re England (Pritchard v. Trustee)*, 153 F.3d 232, 234 (5th Cir. 1998).

### B.

The Bankruptcy Code permits debtors to exempt certain property from the bankruptcy estate.

> As a general matter, upon the filing of a petition for bankruptcy, all legal or equitable interests of the debtor in property become the property of the bankruptcy estate and will be distributed to the debtor's creditors.  To help the debtor obtain a fresh start, the Bankruptcy Code permits him to withdraw from the estate certain interests in property, such as his car or home, up to certain values.

*Rousey v. Jacoway*, 544 U.S. 320, 325 (2005) (quotation marks and internal citations omitted).  A claim of exemptions is presumably valid, and the objecting party has the burden of proving that exemptions are not properly claimed.  11 U.S.C. § 522(l); Fed. R. Bank. P. 4003(c).

At issue in this appeal is the exemption in the Bankruptcy Code for "[r]etirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." 11 U.S.C. § 522(d)(12). Put another way, an exemption claimed under section 522(d)(12) must satisfy two requirements: (1) the amount the debtor seeks to exempt must be retirement funds, and (2) those retirement funds must be in an account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code. *In re Nessa*, 426 B.R. 312, 314 (B.A.P. 8th Cir. 2010).

No. 11-40377

We must decide whether inherited IRAs satisfy the two requirements of section 522(d)(12), a question of first impression for this court and our sister circuits.

## C.

We begin with whether the funds in an inherited IRA are "retirement funds" as that phrase is used in section 522(d)(12). The phrase "retirement funds" is not defined in the Bankruptcy Code. To interpret statutory language, we begin with its plain meaning. *See, e.g., Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). "[R]etirement" is defined as "withdrawal from office, active service, or business"; "fund" is defined as "a sum of money or other resources the principal or interest of which is set apart for a specific objective or activity." *Webster's Third New Int'l Dictionary* 921, 1939 (1993). The trustee argues that these definitions do not describe inherited IRAs because beneficiaries of inherited IRAs do not suffer penalties for withdrawing funds from inherited IRAs before retirement age.

Most of the courts that have analyzed this issue have concluded that inherited IRAs are "retirement funds" as that phrase is used in section 522(d)(12).[1] *Nessa*, 426 B.R. at 314; *In re Kuchta*, 434 B.R. 837, 843-44 (Bankr. N.D. Ohio 2010); *In re Tabor*, 433 B.R. 469, 476 (Bankr. M.D. Pa. 2010); *In re Thiem*, 443 B.R. 832, 843-44 (Bankr. D. Ariz. 2011); *In re Weilhammer*, No. 09-15148-LT7, 2010 WL 3431465, at *4-*6 (Bankr. S.D. Cal. Aug. 30, 2010); *In re Stephenson*, U.S. Dist. LEXIS 142360, at *7-*8. These courts have noted that the statute does not explicitly limit "retirement funds" to retirement funds that

---

[1] We are aware of three bankruptcy court decisions that arrived at the opposite conclusion, each of which was reversed on appeal. *In re Chilton*, 426 B.R. 621, 616 (Bankr. E.D. Tex. 2010), *rev'd*, 444 B.R. 548 (E.D. Tex. 2011); In *re Clark*, 450 B.R. 858 (Bankr. W.D. Wis. 2011), *rev'd*, No. 11-cv-482, 2012 WL 233990 (W.D. Wis. Jan. 5, 2012) (interpreting analogous provision 11 U.S.C. § 522(b)(3)(C)); *In re Stephenson*, No. 11-cv-10848, U.S. Dist. LEXIS 142360 (E.D. Mich. Dec. 12, 2010) (reversing oral pronouncement of bankruptcy judge that inherited IRA was not exempt from bankruptcy estate).

4

No. 11-40377

belong to the debtor. *See, e.g., Nessa*, 426 B.R. at 314. Accordingly, they have reasoned that "retirement funds" can include the funds that others had originally set aside for their retirement, as with inherited IRAs. *Id.*

We find the reasoning in these decisions persuasive. The plain meaning of the statutory language refers to money that was "set apart" for retirement. Thus, the defining characteristic of "retirement funds" is the purpose they are "set apart" for, not what happens after they are "set apart." Here, there is no question that the funds contained in the debtors' inherited IRA were "set apart" for retirement at the time Heil deposited them into an IRA. This reasoning finds further support from 11 U.S.C. § 522(b)(4)(C), which provides that "a direct transfer of retirement funds from 1 fund or account that is exempt from taxation under section . . . 408 . . . of the Internal Revenue Code of 1986, . . . shall not cease to qualify for exemption under . . . subsection (d)(12) by reason of such direct transfer." In other words, the direct transfer of "retirement funds" does not alter their status as "retirement funds." As we see no reason to interpret the statutory language differently from its plain meaning, we hold that the $170,000 contained in the inherited IRA constitute "retirement funds" as that phrase is used in section 522(d)(12).

## D.

We next consider whether the funds in the inherited IRA are "in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." 11 U.S.C. § 522(d)(12). While the parties agree that the debtors' inherited IRA is tax exempt, they disagree over which section of the Internal Revenue Code renders it exempt. The trustee contends that inherited IRAs are tax exempt pursuant to 26 U.S.C. § 402(c)(11)(A). The trustee argues that this provision explains why IRAs are not taxed when they are converted to inherited IRAs. *Id.* The debtors respond by arguing that the inherited IRA is tax exempt pursuant to 26 U.S.C. § 408(e).

5

No. 11-40377

We assume without deciding that, at the time an IRA becomes an inherited IRA, the transfer itself is tax exempt pursuant to 26 U.S.C. § 402(c)(11)(A). Since the transfer of Heil's IRA had already occurred at the time the debtors filed for bankruptcy, however, the issue we must decide is which provision renders the inherited IRA exempt from taxation subsequent to the transfer.

We agree with the other courts to have considered this question that, post-transfer, inherited IRAs are exempt from taxation by reason of 26 U.S.C. § 408(e).[2] The statute's expansive language, which provides that "*[a]ny* individual retirement account is exempt from taxation under this subsection . . . .", indicates that section 408 is the exempting section for all individual retirement accounts. *See Estate of Kahn v. Comm'r*, 125 T.C. 227, 231 (T.C. 2005) ("[E]arnings from assets held in an IRA are not subject to taxation in the IRA when earned, but rather, are subject to taxation when distributions are made. This fact does not change when the IRA is inherited from the decedent. *See* sec. 408(e)(1)."); *Nessa*, 426 B.R. at 314; *In re Kuchta*, 434 B.R. at 843-44; *In re Tabor*, 433 B.R. at 476; *In re Thiem*, 443 B.R. at 844-45; *In re Weilhammer*, 2010 WL 3431465, at *6; *In re Stephenson*, U.S. Dist. LEXIS 142360, at *8-*9. While inherited IRAs operate differently from traditional IRAs, the definition of "individual retirement accounts" in the Internal Revenue Code encompasses inherited IRAs. *See* 26 U.S.C. § 408(d)(3)(C)(2) ("An individual retirement account or individual retirement annuity shall be treated as inherited if–(I) the individual for whose benefit the account or annuity is maintained acquired such account by reason of the death of another individual, and (II) such individual

---

[2] As with the "retirement funds" issue, we are aware of three bankruptcy court decisions that arrived at the opposite conclusion with respect to this issue, each of which was reversed on appeal. *In re Chilton*, 426 B.R. at 616, *rev'd*, 444 B.R. 548; In *re Clark*, 450 B.R. 858, *rev'd*, 2012 WL 233990; *In re Stephenson*, U.S. Dist. LEXIS 142360.

was not the surviving spouse of such other individual."). Accordingly, after an inherited IRA is established, it stands to reason that distributions from the inherited IRA are subject to the same provision as all other IRAs–that is, section 408–for the purpose of determining whether they are exempt from taxation.

For these reasons, section 408 of the Internal Revenue Code rendered the inherited IRA exempt from taxation following its transfer from Heil to the debtors. Because section 408 is one of the sections named in 11 U.S.C. § 522(d)(12), inherited IRAs are contained in an "account" that is "exempt from taxation" as that phrase is used in section 522(d)(12).

## III.

Accordingly, we AFFIRM the district court's judgment.