# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11581
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2019

Lyle W. Cayce
Clerk

LAMONT DEJUAN HIGGS,

Petitioner-Appellant

v.

WARDEN WILSON,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-2537

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:*

Lamont Dejuan Higgs, federal prisoner # 47498-177, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 28 U.S.C. § 2241 petition challenging his guilty plea convictions and sentences for being a felon in possession of a firearm and possession with intent to distribute a controlled substance. By moving to proceed IFP on appeal, Higgs challenges the district court's certification that his appeal is not taken in good faith. *See*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11581

*Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

A petitioner can attack the validity of his convictions and sentences in a § 2241 petition only if he can meet the requirements of the savings clause of 28 U.S.C. § 2255.  *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Higgs's argument that § 2255 is inadequate to test the legality of his detention because his § 2255 motion was denied as time barred is unavailing, as we have held that relief under § 2255 is not inadequate or ineffective merely because the petitioner has filed a prior unsuccessful § 2255 motion.  *See Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000).  His challenge to the validity of a sentencing enhancement does not satisfy the savings clause of § 2255.  *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011).  While he relies on *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019), to argue that fundamental sentencing errors satisfy the savings clause, *Wheeler* is not binding in this circuit and does not allow us to overturn our precedent.  *See United States v. Traxler*, 674 F.3d 486, 489 (5th Cir. 2014).  His reliance on *Persaud v. United States*, 134 S. Ct. 1023 (2014), is also misplaced, as *Persaud* was not a substantive decision and did not overrule our precedent regarding the availability of § 2241 relief.  *See Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016).  Finally, his contention that his counsel rendered ineffective assistance does not demonstrate that he was convicted of a nonexistent offense and therefore does not satisfy the requirements of the savings clause.  *See* § 2255(e); *Jeffers*, 253 F.3d at 831; *Reyes-Requena*, 243 F.3d at 903-04.

No. 18-11581

Because Higgs has failed to raise a nonfrivolous issue for appeal, his motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.