FILED

FEB 21 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

In re: ) BAP No.   AZ-11-1083-KiWiJu
)
TRAVIS M. HAMLIN and BRITTANY ) Bk. No.   10-18812-GBN
B. HAMLIN, )
)
                 Debtors. )
_____ )
)
BRIAN J. MULLEN, Chapter 7 )
Trustee, )
)
                 Appellant, )
v. ) **O P I N I O N**
)
TRAVIS M. HAMLIN; BRITTANY )
B. HAMLIN, )
)
                 Appellees. )
_____ )

Argued and Submitted on January 19, 2012,
at Phoenix, Arizona

Filed - February 21, 2012

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable George B. Nielsen, Bankruptcy Judge, Presiding

Appearances:     Terry A. Dake of Terry A. Dake, Ltd. argued for
appellant, Brian J. Mullen, chapter 7 trustee;
Richard W. Hundley of Berens Kozub Kloberdanz &
Blonstein, PLC, argued for appellees, Travis and
Brittany Hamlin.

Before:  KIRSCHER, WILLIAMS,[1] and JURY, Bankruptcy Judges.

_____

[1] Hon. Patricia C. Williams, Bankruptcy Judge for the
Eastern District of Washington, sitting by designation.

KIRSCHER, Bankruptcy Judge:

Appellant, chapter 7[2] trustee Brian Mullen ("Trustee"), appeals a bankruptcy court order allowing debtors' claimed exemption under § 522(b)(3)(C) for an individual retirement account ("IRA") Brittany Hamlin ("Ms. Hamlin") (collectively "Debtors"), inherited from her grandmother prepetition. In this issue of first impression before a court of appeals within the Ninth Circuit, we hold that a debtor can exempt funds in an IRA inherited from a non-spouse under § 522(b)(3)(C), and we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In their Schedule C, Debtors claimed two IRA accounts exempt under ARIZ. REV. STAT. ANN. ("A.R.S.") § 33-1126. The IRA at issue in this appeal was funded by Ms. Hamlin's grandmother. Trustee does not dispute that the grandmother's IRA was a properly established retirement account exempt from taxation under IRC § 408. Shortly after her death in 2004, the grandmother's IRA funds were transferred via a trustee-to-trustee transfer by RBC Wealth Management, as custodian, to an inherited IRA account for the benefit of Ms. Hamlin (the "Inherited IRA"). The Inherited IRA was valued at approximately $31,878.32 at the time of petition.

Trustee timely objected to Debtors' claimed exemption, contending that inherited IRAs, unlike traditional IRAs funded

[2] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "FRCP." The Internal Revenue Code is referred to as "IRC."

-2-

by the debtor, are not exempt.  In their response, Debtors contended that Trustee failed to cite any Arizona authority holding that inherited IRA's are not exempt, but argued that the Inherited IRA would be exempt under the broad language of A.R.S. § 33-1126(B).[3]

The bankruptcy court held an initial hearing on the matter on September 28, 2010.  It determined that the Inherited IRA was likely exempt under § 522(b)(3)(C),[4] but it requested additional briefing from the parties on the matter.

In their supplemental brief, Debtors contended that the Inherited IRA was exempt under § 522(b)(3)(C) and In re Tabor, 433 B.R. 469 (Bankr. M.D. Pa. 2010), aff'd, 10-CV-1580 (M.D. Pa. Dec. 2, 2010).  Debtors argued that Tabor correctly observed Congress' intent to increase protections afforded debtors for retirement funds with the addition of §§ 522(b)(3)(C), 522(b)(4)(C), and 522(d)(12) to the Code in 2005.  Now, debtors in opt-out states like Arizona could apply federal exemptions to IRAs, which also included "trustee-to-trustee" accounts such as

---

[3] A.R.S. § 33-1126(B) provides, in relevant part:

B.    Any money or other assets payable to a participant in or beneficiary of, or any interest of any participant or beneficiary in, a retirement plan under § 401(a), 403(a), 403(b), 408, 408A or 409 . . . of the United States internal revenue code of 1986, as amended, . . . is exempt from all claims of creditors of the beneficiary or participant.

[4] Section 522(b)(3)(C) provides that a debtor may exempt from property of the estate "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986."

-3-

inherited IRAs.

Trustee argued that because Debtors had claimed the Inherited IRA exempt under A.R.S. § 33-1126(B), that was the applicable statute here, not § 522(b)(3)(C). Alternatively, if § 522(b)(3)(C) did apply, Trustee contended that In re Tabor, which essentially adopted the reasoning of the Eighth Circuit BAP in In re Nessa, 426 B.R. 312 (8th Cir. BAP 2010), got it wrong. Trustee argued that Congress did not intend to extend the umbrella of protection for IRA assets beyond the retirees who earned those funds and encouraged the bankruptcy court to adopt the holding of In re Chilton, 426 B.R. 612, 617 (Bankr. E.D. Tex. 2010), rev'd, 444 B.R. 548, 552 (E.D. Tex. 2011), which concluded that funds in an inherited IRA are not exempt under § 522(d)(12) because they are not "retirement funds" intended for the debtor's retirement (hereinafter "Chilton I"). Trustee contended that the reasoning in Chilton I extended to inherited IRAs under § 522(b)(3)(C) because the language in the two statutes is identical.[5]

---

[5] The language of § 522(d)(12) is identical to that of § 522(b)(3)(C). Both sections allow an exemption for retirement accounts, regardless of whether the debtor claims exemptions under federal or state law. As a result, the two sections are often analyzed interchangeably. See In re Tabor, 433 B.R. at 475; In re Thiem, 443 B.R. 832, 842 (Bankr. D. Ariz. 2011); In re Mathusa, 446 B.R. 601, 603 (Bankr. M.D. Fla. 2011); In re Kuchta, 434 B.R. 837, 843-44 (Bankr. N.D. Ohio 2010); In re Weilhammer, 2010 WL 3431465, at *4 (Bankr. S.D. Cal. Aug. 30, 2010); In re Stephenson, 2011 WL 6152960, at *2 n.2 (E.D. Mich. Dec. 12, 2011). We too believe the same analysis applies in determining if funds in an inherited IRA are exempt regardless of whether the exemption is claimed under § 522(d)(12) or § 522(b)(3)(C).

-4-

A second hearing on the matter was held on November 2, 2010. The bankruptcy court rejected the reasoning in Chilton I, and agreed with the holdings of In re Nessa and In re Tabor that an inherited IRA from a non-spouse is exempt under § 522(b)(3)(C) and § 522(b)(4)(C).[6] Accordingly, Trustee's objection to Debtors' claimed exemption for the Inherited IRA was overruled. However, because the question of whether Ms. Hamlin had complied with the IRC to maintain the account's tax exempt status remained unanswered, which could affect whether it was an exemptible asset, the court was willing to hear further motions on the issue if needed. The court ordered Debtors to amend their Schedule C to reflect the claimed exemption for the Inherited IRA under § 522(b)(3)(C). No order was entered, but a minute entry from November 9, 2010 ("November 9 Minute Entry"), states:

> IT IS ORDERED that the objection is overruled. The court will hear a motion to dismiss if needed. An amendment to Schedule C is required. No further hearings will be set unless requested.

Debtors filed their amended Schedule C on November 3, 2010. Thirty days later, Trustee filed an objection to the amended Schedule C. Trustee, observing that no final order had yet been

---

[6] Section 522(b)(4)(C) provides:

A direct transfer of retirement funds from 1 fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986, under section 401(a)(31) of the Internal Revenue Code of 1986, or otherwise, shall not cease to qualify for exemption under paragraph (3)(C) or subsection (d)(12) by reason of such direct transfer.

signed, reserved his objection to Debtors' exemption of the Inherited IRA pending information on whether appropriate distributions had been made in order to maintain its tax exempt status. Trustee requested an order denying Debtors' amended exemption for the Inherited IRA.

The following day, Trustee filed a first amended objection to the amended Schedule C. In addition to his prior objection, Trustee argued that because Debtors had initially sought to exempt the Inherited IRA under state law and litigated the issue, they should not be allowed to now exempt it under federal law. Alternatively, Trustee contended that allowance of the amendment be conditioned upon reimbursement to the estate for expenses incurred in litigating the first exemption asserted.

In his second amended objection to Debtors' amended Schedule C filed a few weeks later, Trustee withdrew his first objection that Ms. Hamlin had not maintained the account's tax exempt status based on documentation establishing that she had taken the required distributions. However, Trustee still contended that Debtors were not allowed to seek an exemption under federal law after their exemption under state law failed. Debtors rejected Trustee's arguments.

A third hearing on the matter was held on February 4, 2011. The bankruptcy court rejected Trustee's argument that Debtors were not allowed to amend their Schedule C to exempt the Inherited IRA under § 522(b)(3)(C), especially when the court instructed them to do so. Nonetheless, the court was willing to consider Trustee's arguments about Debtors' eligibility under § 522(b)(3)(C). Trustee's counsel responded that he had

exhausted the § 522 issue at the previous hearing, so he would not argue it again. After hearing arguments from the parties on the issue of reimbursing the estate, the bankruptcy court overruled Trustee's second amended objection and determined that each party would bear its own costs. The court accepted Trustee's offer to lodge a proposed final order on the matter.

On February 9, 2011, the bankruptcy court entered an order overruling Trustee's second amended objection to Debtors' amended Schedule C, and allowing their claimed exemption for the Inherited IRA under § 522(b)(3)(C) (the "February 9 Order"). Trustee timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157(b)(2)(B) and 1334. We now address our jurisdiction over this matter.

Debtors contend that Trustee's appeal of whether the Inherited IRA is exempt under § 522(b)(3)(C) is untimely. Specifically, Debtors contend that the bankruptcy court's ruling on this issue was final when it entered the November 9 Minute Entry. Debtors argue that the bankruptcy court further showed its intent that its ruling on the issue was final with statements it made at the hearing on November 2, 2010. According to Debtors, the only issues remaining to be decided after the November 9 Minute Entry were the two issues raised in Trustee's subsequent objections to Debtors' amended Schedule C - whether Ms. Hamlin took the required distributions to maintain the IRA's tax exempt status, and whether Trustee was entitled to attorney's fees and costs as a condition for allowing Debtors to

-7-

exempt the Inherited IRA under § 522(b)(3)(C). Trustee withdrew his objection on the first issue, and the bankruptcy court overruled his request for fees and costs in the February 9 Order. Therefore, contend Debtors, Trustee's appeal of the bankruptcy court's ruling that the Inherited IRA was exempt under § 522(b)(3)(C), which is contained in the November 9 Minute Entry, is untimely. Debtors argue that all Trustee has timely appealed is the bankruptcy court's February 9 Order denying his request for attorney's fees and costs.

We conclude that the November 9 Minute Entry was not a final and appealable order. A minute entry may constitute a dispositive order for notice of appeal purposes if it: (1) states that it is an order; (2) is mailed to counsel; (3) is signed by the clerk who prepared it; and (4) is entered on the docket sheet. Kaun v. Lund (In re Lund), 202 B.R. 127, 130 (9th Cir. BAP 1996). Here, the November 9 Minute Entry was entered on the docket sheet and, under the Local Rules of Bankruptcy Procedure for the District of Arizona, was mailed to counsel. See Local Rule 5005-2(k) (electronic service by the clerk "constitutes service of the pleading, petition, or other document."). Furthermore, under the Local Rules, an electronically filed document by the court need not contain the judge's or clerk's signature to be official and binding. See Local Rule 5005-2(j) ("Any order or other court-issued document filed electronically without the original signature of a judge or clerk has the same force and effect as if the judge or clerk had signed a paper copy of such order or other court-issued document and it had been entered on the docket

-8-

nonelectronically. Orders also may be issued as 'text-only' entries on the docket, without an attached document. Such orders are official and binding.").

However, the November 9 Minute Entry does not state that it is an order. While it does contain dispositive language - "IT IS ORDERED that the objection is overruled" - it omits any language allowing the exemption, as opposed to the February 9 Order which expressly overruled Trustee's objection and allowed the exemption. See Brown v. Wilshire Credit Corp. (In re Brown), 484 F.3d 1116, 1121 (9th Cir. 2007).

The November 9 Minute Entry also does not clearly evidence the bankruptcy judge's intention that it be the court's final act in the matter. "A disposition is final if it contains 'a complete act of adjudication,' that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." In re Brown, 484 F.3d at 1120 (quoting Slimick v. Silva (In re Slimick), 928 F.2d 304, 307 (9th Cir. 1990)) (emphasis in original). "Evidence of intent consists of the Order's content and the judge's and parties [sic] conduct." Id. (quoting In re Slimick, 928 F.2d at 308). As certain factual issues remained to be determined before the matter was concluded, the court expressed at the November 2 hearing that it was "overrul[ing] the objection to the exemption at this point," pending further discovery by Trustee and Debtors' amendment of their Schedule C. Hr'g Tr. (Nov. 2, 2010) at 15:4-6. Notably, the court never stated at the November 2 hearing that the exemption was allowed, which is consistent with the November 9 Minute Entry. Moreover,

-9-

after Debtors filed their amended Schedule C, due process required that any party in interest be given 30 days to challenge the "new" claimed exemption under § 522(b)(3)(C). Rule 4003(b). Finally, the first sentence in Trustee's amended objection and first amended objection observed that no signed order had yet been entered. Nothing in the February 4, 2011 transcript indicates the bankruptcy court's disagreement with that statement. In fact, the court accepted Trustee's offer to lodge a "final" order on the matter.

However, it is possible that Trustee waived his argument on appeal that the Inherited IRA was not exempt under § 522(b)(3)(C). In his subsequent objections to Debtors' amended Schedule C, Trustee did not reassert his argument that the Inherited IRA was not exemptible as a retirement fund. His focus at that point was whether Ms. Hamlin took the required distributions, and whether he was entitled to attorney's fees and costs.

We believe the February 9 Order included the bankruptcy court's interlocutory ruling from the November 9 Minute Entry that the Inherited IRA was exempt. See United States v. 475 Martin Lane, 545 F.3d 1134, 1141 (9th Cir. 2008) (under merger rule interlocutory orders entered prior to the judgment merge into the judgment and may be challenged on appeal).

Therefore, we conclude that the formally written February 9 Order is the final appealable order because it fully adjudicated the issues and clearly evidenced the bankruptcy judge's intention that it was the court's final act in the matter. We further conclude that the court's interlocutory ruling that the

-10-

Inherited IRA was exempt under § 522(b)(3)(C) merged into the February 9 Order, thus preserving the issue for appeal. As a result, we have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Are funds in an inherited IRA exempt under § 522(b)(3)(C)?

## IV. STANDARD OF REVIEW

We review the bankruptcy court's conclusions of law and questions of statutory interpretation de novo. Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25, 32 (9th Cir. BAP 2008).

## V. DISCUSSION

By his silence in his opening brief, Trustee has abandoned any argument that he is entitled to reimbursement of attorney's fees and costs incurred by the estate in litigating Debtors' initial attempt to claim the Inherited IRA exempt under state law. See Branam v. Crowder (In re Branam), 226 B.R. 45, 55 (9th Cir. BAP 1998), aff'd, 205 F.3d 1350 (9th Cir. 1999) (table). Therefore, the only issue before us is whether funds in an IRA inherited by a non-spouse are exempt under § 522(b)(3)(C). We conclude that they are.

**A.   Applicable Law.**

Upon the filing of a bankruptcy petition, an estate is created consisting of all legal and equitable interests of the debtor in property as of the date of the filing of the petition. § 541(a)(1). Section 522 allows a debtor to exempt certain property from his or her estate. Exemptions are to be liberally construed in favor of the debtor who claims the exemption. Arrol v. Broach (In re Arrol), 170 F.3d 934, 937 (9th Cir.

-11-

1999). A claim of exemption is presumed valid, and the burden is on the objecting party to prove, by a preponderance of the evidence, that an exemption is improperly claimed. Tyner v. Nicholson (In re Nicholson), 435 B.R. 622, 630 (9th Cir. BAP 2010); Rule 4003(c); § 522(l).

Arizona has opted out of the federal exemption scheme provided in § 522(d). See A.R.S. § 33-1133(B). Therefore, Arizona debtors are required to take their exemptions under Arizona law. However, with the enactment of BAPCPA in 2005, Congress provided that a debtor who elects or is required to take state exemptions is also entitled to exempt "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." § 522(b)(3)(C).[7] As a result, debtors in opt-out states like Arizona are not limited to the IRA exemption provided by state law but may, independent of state law, claim the exemption under § 522(b)(3)(C), subject to any applicable dollar limitation in § 522(n).[8] Congress' intent was to preempt conflicting state exemption laws and "to expand the protection for tax-favored retirement plans or arrangements that may not be already

_____

[7] BAPCPA also enacted § 522(d)(12), which is identical to § 522(b)(3)(C), but applies to debtors who live in states that have not opted out of the federal exemption scheme. Section 522(b)(3)(C) protects retirement funds to the same extent they are protected under § 522(d)(12).

[8] Section 522(n) imposes a cap of $1,171,650 on the aggregate value of assets that an individual debtor may claim as exempt property under § 522(b)(3)(C).

-12-

protected under [§] 541(c)(2) pursuant to <u>Patterson v. Shumate</u>, or other state or Federal law." H. R. REP. NO. 109-31(I), pt.1 at 63-64 (2005), <u>as reprinted in</u> 2005 U.S.C.C.A.N. (Legislative History) 88, 132-33.

For an IRA to be exempt under § 522(b)(3)(C), it must meet only two requirements: "(1) the amount debtor seeks to exempt must be retirement funds; and (2) the retirement funds must be in an account that is exempt from taxation under one of the provisions of the [IRC]" specified in § 522(b)(3)(C). <u>In re Nessa</u>, 426 B.R. at 314 (applying two-factor test to § 522(d)(12)); <u>In re Johnson</u>, 452 B.R. 804, 806 (Bankr. W.D. Wash. 2011) (same); <u>In re Stephenson</u>, 2011 WL 6152960, at *1 (same); <u>Chilton v. Moser (In re Chilton)</u>, 444 B.R. 548, 552 (E.D. Tex. 2011) (<u>rev'q</u> <u>Chilton I</u> and following <u>Nessa</u> and its progeny) (hereinafter "<u>Chilton II</u>"); <u>In re Kalso</u>, 2011 WL 3678326, at *1 (Bankr. E.D. Mich. Aug. 19, 2011); <u>In re Tabor</u>, 433 B.R. at 475 (citing <u>Nessa</u> but applying two-factor test to § 522(b)(3)(C)); <u>In re Thiem</u>, 443 B.R. at 842 (same); <u>In re Mathusa</u>, 446 B.R. at 603 (same); <u>In re Clark</u>, 450 B.R. 858, 862 (Bankr. W.D. Wis. 2011) (same) (hereinafter "<u>Clark I</u>"), <u>rev'd on other grounds</u>, 2012 WL 233990 (W.D. Wis. Jan. 05, 2012); <u>In re Kuchta</u>, 434 B.R. at 843 (same); <u>In re Weilhammer</u>, 2010 WL 3431465, at *2 (same).

Whether an inherited IRA satisfies these two prongs has been a subject of great debate, particularly in the past two years. Nearly all courts that have decided this issue, including the Eighth Circuit BAP, have held that they do. The cases are not factually distinguishable to the instant case.

All include a debtor who inherited a non-spouse family member's IRA sometime before filing bankruptcy, and each debtor sought to exempt the IRA under either § 522(b)(3)(C) or § 522(d)(12).

**B.    Inherited IRAs are exempt under § 522(b)(3)(C).**

Trustee argues that funds in an inherited IRA are not "retirement funds" within the meaning of the statute because, under the statute's plain meaning, the words "retirement funds" means only those funds that belonged to, or were contributed by, the debtor in his or her own IRA.  Trustee further contends that because inherited IRAs have absolutely nothing to do with the recipient's retirement, in the hands of the debtor they are not "retirement funds" protected by the statute.  He suggests we adopt the reasoning of Chilton I and reject Nessa and its progeny that inherited IRAs are exempt under § 522(b)(3)(C), and the corresponding § 522(d)(12).  Although Trustee's arguments are well reasoned, we decline to follow Chilton I.

**1.    Funds in an inherited IRA are "retirement funds."**

The first step in the inquiry is to determine whether funds in an inherited IRA are "retirement funds" within the meaning of § 522(b)(3)(C).  The Code does not define "retirement funds."

The plain language of a statute is determinative under federal law.  Patterson v. Shumate, 504 U.S. 753, 757 (1992). Section 522(b)(3)(C) requires that the account be comprised of retirement funds; it does not specify that they must be the debtor's retirement funds.  In re Nessa, 426 B.R. at 314 (but analyzing § 522(d)(12)); accord In re Johnson, 452 B.R. at 808; In re Kuchta, 434 B.R. at 843-44; Chilton II, 444 B.R. at 552; In re Tabor, 433 B.R. at 476; In re Thiem, 443 B.R. at 843-44;

-14-

In re Mathusa, 446 B.R. at 603; In re Kalso, 2011 WL 3678326, at *2; In re Stephenson, 2011 WL 6152960, at *3 (rev'g bankruptcy court's contrary conclusion); In re Weilhammer, 2010 WL 3431465, at *5. Limiting the exemption to funds Ms. Hamlin herself contributed for retirement "would impermissibly limit the statute beyond its plain language." In re Nessa, 426 B.R. at 314. Even though inherited IRAs do not contain a debtor's own retirement funds, they were originally contributed by the account owner as retirement funds and retained that status when they were transferred via a trustee-to-trustee transfer in compliance with the IRC. In re Johnson, 452 B.R. at 808.

We recognize that two courts have reached a contrary conclusion on this issue: Chilton I, and Clark I.[9] The

---

[9] Trustee cites to multiple decisions in which courts have concluded that funds in inherited IRAs do not qualify as exempt. However, these decisions are distinguishable because the question before those courts was whether the debtor could exempt the inherited IRA under state exemption statutes, not the Bankruptcy Code, and/or these decisions were rendered pre-BAPCPA and therefore prior to the enactment of either § 522(b)(3)(C) or § 522(d)(12). In re Ard, 435 B.R. 719 (Bankr. M.D. Fla. 2010) (holding that an inherited IRA cannot be exempted under Florida law); In re Jarboe, 365 B.R. 717 (Bankr. S.D. Tex. 2007) (holding that an inherited IRA cannot be exempted under Texas law); In re Kirchen, 344 B.R. 908 (Bankr. E.D. Wis. 2006) (holding that an inherited IRA cannot be exempted under Wisconsin law and that an inherited IRA does not constitute a retirement benefit nor serve a retirement purpose); In re Taylor, 2006 WL 1275400 (Bankr. C.D. Ill. 2006) (construing Illinois statute and determining that different treatment of inherited IRAs disqualify them for exemption); In re Navarre, 332 B.R. 24 (Bankr. M.D. Ala. 2004) (determining that inherited IRA is "sufficiently different" from traditional IRA as to preclude exemption under Alabama law); In re Greenfield, 289 B.R. 146 (Bankr. S.D. Cal. 2003) (holding that an inherited IRA cannot be exempted under California law); In re Sims, 241 B.R.
(continued...)

bankruptcy court in Chilton I concluded that funds contained in an inherited IRA are not "retirement funds" within the meaning of § 522(d)(12) because they "are not funds intended for retirement purposes but, instead, are distributed to the beneficiary of the account without regard to age or retirement status." 426 B.R. at 618. The Chilton I court based its decision primarily on the fact that inherited IRAs are subject to rules under the IRC that do not apply to traditional IRAs.

Chilton I is no longer good law. In Chilton II, the United States District Court for the Eastern District of Texas reversed the bankruptcy court and expressly held that funds in an inherited IRA are "retirement funds" within the meaning of the statute, adopting the reasoning set forth in In re Nessa, In re Tabor, In re Kuchta, In re Thiem, and In re Weilhammer. 444 B.R. at 552. Chilton II has been appealed to the Fifth Circuit Court of Appeals and is scheduled for oral argument on February 28, 2012.

Clark I was decided after the reversal of Chilton I. In its careful analysis of this issue, the Clark I court started off by noting that the IRAs at issue in Nessa and its progeny dealt with much smaller dollar amounts than what the court had before it. 450 B.R. at 862. In Clark I, the inherited IRA at issue was valued at nearly $300,000, as compared to $170,000 in Chilton, $105,100 in Tabor, $55,000 in Weilhammer, and $10,700 in Thiem. Id. The idea of exempting $300,000 from the estate

---

[9](...continued)
467 (Bankr. N.D. Okla. 1999) (holding that an inherited IRA cannot be exempted under Oklahoma law).

was troubling to the Clark I court and perhaps influenced its decision that inherited IRAs do not contain "retirement funds" within the meaning of § 522(b)(3)(C). In reaching this conclusion, the Clark I court reasoned:

> The debtors' Inherited IRA does not contain *anyone's* 'retirement funds.' Ruth Heffron established the retirement account, and elected her daughter as a beneficiary of the account. While living, the funds in Ms. Heffron's account were indeed funds for *her* retirement — that is held in anticipation of one day withdrawing from her occupation. After Ms. Heffon passed away, however, the funds passed to her beneficiary. The funds could no longer be classified as anyone's retirement funds — Ms. Heffron had died and was incapable of retiring further or using the funds during her retirement, and her daughter was able (in fact obliged) to take distributions from the account while both of the debtors continued to work. Currently, the funds are held in anticipation of no person's retirement and likewise cannot, under the plain meaning of the statute, constitute 'retirement funds.' They are not segregated to meet the needs of, nor distributed on the occasion of, any person's retirement.

Id. at 863 (emphasis in original). Arguably, this same reasoning was rejected by the district court in Chilton II. Furthermore, just prior to oral argument in the instant appeal, Clark I was reversed by the District Court for the Western District of Wisconsin. 2012 WL 233990 (W.D. Wis. Jan. 5, 2012) (hereinafter "Clark II"). In Clark II, the district court rejected the bankruptcy court's determination of what constituted "retirement funds" within the meaning of the Code and reasoned that neither § 522(b)(3)(C) nor § 522(d)(12) distinguish between an account accumulated by a decedent and inherited by a debtor and an account made up of contributions by the debtor herself. Id., at *6.

We are persuaded by the reasoning in In re Nessa and its

-17-

progeny that funds in an inherited IRA are "retirement funds" within the meaning of § 522(b)(3)(C).[10]  As the Thiem court observed, while the bankruptcy court in Chilton I warned that allowing the exemption would mean writing "retirement" out of "retirement funds," the Nessa court observed that disallowing the exemption would be impermissibly writing in "debtor's" retirement funds.  In re Thiem, 443 B.R. at 843.  Furthermore, if the IRA funds are no longer to be considered "retirement funds" upon the account owner's passing, we see no reason why the IRC would reference such funds in IRC § 408 - "Individual retirement accounts" - and give them the same tax-exempt status afforded to the original IRA owner.

### 2. Funds in an inherited IRA are exempt from taxation under IRC § 408.

Next, we must determine whether the retirement funds are in an account exempt from taxation under one of the provisions of the IRC specified in § 522(b)(3)(C).  Trustee is correct that inherited IRAs do receive different treatment under the IRC than "traditional" IRAs that were established and funded by an

---

[10] The Weilhammer court noted that it was inclined to adopt the reasoning in Chilton I that funds in an inherited IRA may not be required by the debtor's own retirement needs.  However, Weilhammer went on to note that Chilton I failed to consider or discuss the express language of § 522(b)(4)(C).  2010 WL 3431465, at *5.  Several other courts have criticized Chilton I for failing to apply § 522(b)(4)(C) in conjunction with § 522(b)(3)(C) because not considering that statute would render meaningless the inclusive provisions it provides.  In re Nessa, 426 B.R. at 315; In re Tabor, 433 B.R. at 475; In re Thiem, 443 B.R. at 843; In re Johnson, 452 B.R. at 807.  We find this to be a critical element in our analysis as well and discuss it in more detail below.

-18-

individual with his or her employment earnings. However, this is a difference without distinction.

An "inherited" IRA is one in which the account beneficiary acquired the account because of the death of another individual who was not the beneficiary's spouse. IRC § 408(d)(3)(C)(ii). Beneficiaries of inherited IRAs cannot treat the inherited IRA as their own. They cannot make any contributions to the IRA or roll over any amounts into or out of the account. They may make withdrawals at any time, without penalty, but they must begin taking withdrawals of either annual distributions based on life expectancy within one year, or the entire amount within five years, regardless of age or retirement status.[11] IRC §§ 401(a)(9)(B)(ii), 402(c)(11)(A)(iii), 408(a)(6); 26 C.F.R. § 1.408-2(b)(7).

The bankruptcy courts in Chilton I and Clark I found the distinctions between inherited IRAs and traditional IRAs critical to their determination that inherited IRAs are not funds in an account exempt from taxation. However, all other courts addressing this issue post-BAPCPA have concluded that these distinctions are irrelevant because IRC § 408(e) provides that "any individual retirement account is exempt from taxation

---

[11] Beneficiaries are, however, allowed to make a trustee-to-trustee transfer as long as the IRA into which amounts are being moved is set up and maintained in the name of the deceased IRA owner for the benefit of the beneficiary. IRS Publication 17, p. 80 (2011). Trustee does not dispute that is what occurred in this case.

-19-

under [IRC § 408]" (emphasis added).[12] The plain meaning of this language does not limit IRAs to only traditional IRAs; it could include inherited IRAs, particularly since they are expressly found in IRC § 408(d)(3)(C)(ii). In re Nessa, 426 B.R. at 315; Chilton II, 444 B.R. at 552; In re Johnson, 452 B.R. at 808; In re Tabor, 433 B.R. at 476; In re Weilhammer, 2010 WL 3431465, at *5; In re Thiem, 443 B.R. at 845 (IRC provisions ensure that the original retirement funds will be protected and remain unchanged in character, e.g., by prohibiting contributions and rollovers to the new account); Clark II, 2012 WL 233990, at *6 (because the principal and interest earnings are exempt from income taxes until they are distributed in either a traditional or inherited IRA, this is sufficient to make them both tax exempt).

We, as did the Weilhammer court, expressly reject the bankruptcy court's assertion in Chilton I that the tax exempt status of inherited IRAs is found in IRC § 402(c)(11),[13] which is

---

[12] This is true, unless the account has ceased to be an IRA by reason of paragraph (2) or (3), which includes the employee engaging in certain prohibited transactions and borrowing from an annuity contract. Neither of those circumstances has been alleged here.

[13] IRC § 402(c)(11)(A) provides:

If, with respect to any portion of a distribution from an eligible retirement plan described in paragraph (8)(B)(iii) of a deceased employee, a direct trustee-to-trustee transfer is made to an individual retirement plan described in clause (i) or (ii) of paragraph (8)(B) established for the purposes of receiving the distribution on behalf of an individual who is a designated beneficiary (as defined by section 401(a)(9)(E)) of the employee and who is not the surviving spouse of the employee—

(continued...)

-20-

not listed in § 522(b)(3)(C) or the corresponding § 522(d)(12). In re Weilhammer, 2010 WL 3431465, at *4. While IRC § 402(c)(11) provides that trustee-to-trustee transfers from an employee's eligible retirement plan to the designated beneficiary's account will be treated as an eligible rollover distribution (and not a taxable one), it further provides that the individual retirement plan will be treated as an inherited IRA under IRC § 408 and subject to IRC § 401(a)(9)(B) (which sets forth the distribution scheme for inherited IRAs). Nothing in IRC § 402 independently provides for tax-exemption. In re Weilhammer, 2010 WL 3431465, at *5.

Under IRC § 408, an inherited IRA continues the tax-exempt status afforded to the original IRA owner. Like traditional IRAs, the beneficiary of the inherited IRA is not taxed until the funds are withdrawn. Thus, despite any differences, both types of accounts are exempt from taxation under IRC § 408, which is all that is required under § 522. In re Thiem, 443 B.R. at 843; In re Tabor, 433 B.R. at 476; In re Stephenson, 2011 WL 6152960, at *3. Here, Ms. Hamlin chose not to withdraw the IRA funds, and instead elected to transfer them via a

[13](...continued)
    (i) the transfer shall be treated as an eligible rollover distribution,

    (ii) the individual retirement plan shall be treated as an inherited individual retirement account or individual retirement annuity (within the meaning of section 408(d)(3)(C)) for purposes of this title, and

    (iii) section 401(a)(9)(B) (other than clause (iv) thereof) shall apply to such plan.

trustee-to-trustee transfer. As a result, these funds are still exempt under IRC § 408(e).

**3.   Section 522(b)(4)(C).**

Our conclusion that funds in an inherited IRA are exempt under § 522(b)(3)(C) is further supported by § 522(b)(4)(C), which provides, in relevant part:

> A direct transfer of retirement funds from 1 fund or account that is exempt from taxation under [IRC] . . . § 408 . . . shall not cease to qualify for exemption under paragraph (3)(C) or subsection (d)(12) by reason of such direct transfer.

Chilton I failed to consider § 522(b)(4)(C) in its analysis, but we believe, as have several other courts discussing Chilton I, that § 522(b)(3)(C), or § 522(d)(12), cannot be read in isolation; the entirety of the statute must be considered. In re Nessa, 426 B.R. at 315; In re Tabor, 433 B.R. at 475; In re Mathusa, 446 B.R. at 604; In re Johnson, 452 B.R. at 809; In re Kuchta, 434 B.R. at 844; In re Stephenson, 2011 WL 6152960, at *3; In re Weilhammer, 2010 WL 3431465, at *5; Chilton II, 444 B.R. at 552 (reasoning that § 522(b)(4)(C) provides that transfers of the type creating inherited IRAs do not remove the transfer from eligibility for exemption under § 522(d)(12)). A common rule of statutory construction is that every provision of a statute should be construed so that no other provision is rendered superfluous or meaningless. See Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998). As we noted above, failing to apply § 522(b)(4)(C) in conjunction with § 522(b)(3)(C) would render that statute meaningless and ignore the inclusive provisions it provides.

The plain language of § 522(b)(4)(C) expressly provides

that direct transfers from one account that is tax-exempt under IRC § 408 to another are exempt under § 522(b)(3)(C) or § 522(d)(12). As the In re Tabor court correctly observed, the increased protections afforded debtors under § 522(b)(3)(C) applies not only to accounts created by the debtor, but also extends to accounts that are transferred directly between trustees (i.e., inherited accounts) via § 522(b)(4)(C). In re Tabor, 433 B.R. at 475. "Whether or not Congress realized that inherited accounts were 'trustee to trustee' accounts, the language of § 522(b)(4)(C) is unambiguous and applies to inherited accounts whether state or federal exemptions are claimed." Id. The funds in Ms. Hamlin's grandmother's IRA were exempt from taxation under IRC § 408, and the direct trustee-to-trustee transfer of those funds did not eliminate Debtors' ability to claim the funds exempt under § 522(b)(3)(C) by virtue of § 522(b)(4)(C).[14]

## VI. CONCLUSION

We conclude that funds in an inherited IRA are exempt under § 522(b)(3)(C), subject to any applicable dollar limitation set forth in § 522(n). Therefore, the bankruptcy court did not err when it overruled Trustee's second amended objection and allowed Debtors' claimed exemption for the Inherited IRA under § 522(b)(3)(C). We AFFIRM.[15]

---

[14] Unlike Chilton I, the Clark I court did address § 522(b)(4)(C), but reasoned that it did not apply because the debtor's inherited IRA did not contain "retirement funds," 450 B.R. at 865, a conclusion with which we disagree.

[15] Debtors contend that even if the bankruptcy court erred
(continued...)

15(...continued) in determining the Inherited IRA was exempt under § 522(b)(3)(C), then we should determine that it is exempt under the Arizona statute. This issue is not properly before us. Although Debtors initially claimed the Inherited IRA exempt under A.R.S. § 33-1126(B), they subsequently filed an amended Schedule C to reflect the exemption under § 522(b)(3)(C). Additionally, since Debtors have not cross appealed the February 9 Order, the Panel cannot consider this issue as it would modify the order. Ball v. Rodgers, 492 F.3d 1094, 1118 (9th Cir. 2007) (although arguments that support a judgment as entered can be made without a cross appeal, a cross appeal is required to support a modification of that judgment).