Filed 2/1/21  Silas v. Arden CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| MARTINA A. SILAS, | B301200 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC 383823) |
| v. | |
| JAMES ELLIS ARDEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Edward B. Moreton, Judge.  Affirmed.

Martina A. Silas, in pro. per., for Plaintiff and Respondent.

James Ellis Arden, in pro. per., for Defendant and Appellant.

Defendant James Ellis Arden appeals from an order denying an exemption for a separate employee pension individual retirement account (SEP IRA) in debt collection proceedings brought against him by plaintiff Martina A. Silas. Citing a federal bankruptcy statute (11 U.S.C. § 522(n)) and Code of Civil Procedure[1] section 704.115, Arden argues the trial court erred in concluding Silas could levy his SEP IRA to satisfy her over $500,000 judgment against him.

The trial court correctly concluded that Arden failed to establish the applicability of section 704.115, which exempts private retirement funds from satisfying debts to the extent such funds are necessary to provide for the support of the debtor and/or the debtor's spouse and dependents. (See § 704.115, subd. (e).) Arden bore the burden of proving entitlement to any claimed exemption under California law (see § 703.580, subd. (b)), yet offered no financial information to support his claim.

Arden also argues that the IRA was exempt from Silas's collection efforts because he had designated it as exempt in a prior bankruptcy proceeding under a federal law that exempts SEP IRA funds from a debtor's bankruptcy estate, regardless of a debtor's financial need. But Arden never provided the trial court any evidence suggesting he claimed his SEP IRA as exempt in his bankruptcy proceedings, nor does the record on appeal contain any such evidence. Having failed to provide any evidence that he claimed the IRA as exempt from his bankruptcy estate under federal law, we need not consider what effect, if any, such

---

[1] Unless otherwise indicated, all further unspecified statutory references are to the Code of Civil Procedure.

an exemption would have on the state court levy at issue in the proceedings below. Nor does bankruptcy law otherwise apply in state debt collection proceedings.

Accordingly, we affirm.

## FACTS AND PROCEEDINGS BELOW

### A. *Silas' Judgment Against Arden and Unsuccessful Collection Efforts*

In 2011, Silas prevailed in a malicious prosecution action against Arden and obtained a judgment awarding her over $500,000 in compensatory and punitive damages (the judgment). This court affirmed the judgment in December 2012 (*Silas v. Arden* (2012) 213 Cal.App.4th 75, 93), and the California Supreme Court denied review. (*Ibid.*)

For several years following the judgment, Silas undertook various efforts to collect thereon. In 2011, Silas obtained an order (the assignment order) assigning to Silas all rights to funds Arden earned or received from third parties in any capacity, without deductions for expenses,[2] and "required that, upon . . . Arden's receipt of payments subject to the [a]ssignment [o]rder," he "turn over the funds to . . . Silas." Over the course of several years, Arden repeatedly thwarted Silas's efforts to enforce the

---

[2] Specifically, the order assigns to Silas, inter alia, the "right to payment for services and costs from any client or third party," the "right to collect payment or cost reimbursement from a client or any party on any currently litigated case, or case to be litigated in the future," and the "right to collect property or money from any client(s) or third party(ies) irrespective of whether the services rendered are as an attorney or in some other capacity or in some other occupation."

assignment order and collect on the judgment.[3]  To date, Silas has collected less than $30,000 of the over $500,000 judgment.

**B.**    ***Bankruptcy Proceedings and Nondischargeability of Silas's Judgment***

In 2013, Arden filed for bankruptcy.  In the schedule of personal property included in Arden's bankruptcy filings, Arden listed an SEP IRA with a value of approximately $35,765.28 (the IRA).  The record is devoid of any information regarding whether Arden included the IRA on any list of claimed deductions or exemptions in bankruptcy proceedings, or that he otherwise identified the IRA as an asset he was seeking to exempt from his bankruptcy estate.

Silas filed an adversarial proceeding in the bankruptcy action seeking to establish that the judgment reflected a non-dischargeable debt, because it arose from "willful and malicious injury by the debtor" under section 523(a)(6) of title 11 of the United States Code [deeming such debt non-dischargeable in federal bankruptcy proceedings].)  Following a trial on this issue, the bankruptcy court issued a judgment "order[ing] and adjudg[ing] that . . . [¶] . . . Arden's entire debt to . . . Silas is nondischargeable pursuant to [section] 523(a)(6) [of title 11 of the United States Code]."  As a result, on November 26, 2018, the

---

[3] For example, Arden was found guilty of three counts of contempt for violating the assignment order.  He was also found guilty of four counts of contempt for failing to comply with a court order to produce financial documents in 2012, and was sanctioned for failing to comply fully with discovery requests in subsequent bankruptcy proceedings.

bankruptcy court lifted the stay[4] on collection of Silas's judgment.[5]

## C. *Silas' Levy of the IRA and Arden's Claim of Exemption*

After the bankruptcy court lifted the stay on collection of the judgment, Silas levied on the IRA. The "memorandum of garnishee" she received in response indicated that the IRA had a balance of $58,734. (Capitalization omitted.)

Arden filed a claim of exemption, describing the account as "[a] fully exempt Individual Retirement Account, funded solely by earnings within IRS contribution limits." Arden identified "[section] 704.115[, subdivision] (b); and 11 U.S.C. § 522(n)" as the legal bases for his claimed exemption, and listed as factual support for his claimed exemption that "[t]he IRA was designed and has been used for retirement purposes only."

Section 704.115, subdivision (b), which Arden identified to support his claim of exemption, is a part of California's "Enforcement of Judgments" law, a " ' "comprehensive and precisely detailed scheme" governing enforcement of money judgments' " in California. (*O'Brien v. AMBS Diagnostics, LLC* (2016) 246 Cal.App.4th 942, 947 (*O'Brien*).) That law "effectuate[s] the California Constitution's command that 'a certain portion of the homestead and other property of all heads of families' be 'protect[ed], by law, from forced sale' . . . [by] . . .

---

[4] The filing of a bankruptcy petition automatically stays, inter alia, enforcement of judgments against the petitioning debtor. (11 U.S.C. § 362(a)(2).)

[5] According to the parties, this decision of the bankruptcy court is currently on appeal to the Ninth Circuit Court of Appeals.

exempt[ing] certain items of property from levy by creditors with money judgments." (*Id.* at pp. 947–948.) Section 704.115 identifies several types of such property, including certain private retirement accounts, such as the IRA here, that are exempt under certain conditions. (See § 704.115, subds. (a)(3) & (e).) The specific subdivision Arden cites as the basis for his claimed exemption, subdivision (b), provides: "All amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan are exempt." (§ 704.115, subd. (b).) But subdivision (e) of section 704.115 carves out an important exception to that general rule, namely that "[n]otwithstanding subdivisions (b) and (d) . . . the amounts described in paragraph (3) of subdivision (a) [i.e., the maximum amount of funds in an SEP IRA exempt under federal tax law] are exempt *only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor*." (§ 704.115, subd. (e), italics added; see § 704.115, subd. (a)(3) [defining as a "private retirement plan" "[s]elf-employed retirement plans and individual retirement annuities or accounts provided for in [federal tax law], . . . to the extent the amounts held [therein] . . . do not exceed the maximum amounts exempt from federal income taxation under that [law]"].)

In his claim of exemption form, Arden did not check the box indicating that his claimed exemption "is made pursuant to a provision exempting property to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor" or that "[a] [f]inancial [s]tatement form

6

[wa]s attached to this claim." Nor did Arden submit a financial statement or any financial information in support of his claimed exemption at any point in the proceedings.

Arden also relied on section 522 of title 11 of the United States Code (federal section 522), a federal bankruptcy statute permitting an individual bankruptcy debtor to "exempt from property of the [bankruptcy] estate" (11 U.S.C. § 522(b)(1)) "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under" federal law (11 U.S.C. § 522(b)(3)(C)), including specifically SEP IRAs up to a certain amount. (See 11 U.S.C. § 522(n).)

Silas opposed the claim of exemption on numerous grounds, and attached several exhibits bearing on Arden's income and expenses—including Arden's own statements, made either in response to written discovery requests or filed in Arden's bankruptcy proceeding. These documents included, for example, a "statement of financial affairs" Arden filed with the bankruptcy court and interrogatory responses, collectively indicating that Arden had earned at least $251,002.94 between 2011 and 2019. (Capitalization omitted.) The exhibits also included excerpts from Arden's 2013 bankruptcy case, in which he admitted that his average monthly expenses at the time were $1,744.32, and that he had no housing expenses (because he lives with his spouse, who owns their home). Also attached to Silas's opposition was a declaration describing Arden's debtor examination testimony that he had inherited $473,000 approximately three years earlier, and that he had purchased a townhome in Las Vegas with $183,000 of these funds. Arden offered no evidentiary support for his exemption claim in his reply.

7

The court concluded that federal section 522 had no application to a state court levy, and thus denied the exemption on that basis. It further denied Arden's claimed exemption under section 704.115, subdivision (b) on several bases, namely that (1) the IRA "contain[ed] funds that the judgment debtor was not entitled to place therein" as a result of the assignment order, (2) Arden bore the burden of proof but had not made the necessary showing to support a claim of exemption under section 704.115, because his claim "lack[ed] the required financial statements in support of the claim[ ]," and he "ha[d] not demonstrated that the . . . funds [in the IRA] are necessary for his support when he retires," and (3) "equitable principals dictate[d] that the exemptions should be denied," because Arden's violations of court orders, concealment of assets, and refusal to cooperate with discovery triggered the doctrines of equitable estoppel and unjust enrichment.

Before making its ruling, the court announced its tentative view that Arden's claims should be denied based in part on Arden's failure to provide a financial statement, and thereafter offered Arden the opportunity to be heard. Arden offered some argument but did not request a continuance so that he might submit evidence of financial necessity the court had noted was lacking.

The court issued an order releasing the funds in the IRA to Silas. This appeal followed.

8

## DISCUSSION

**A.** ***The Trial Court Did Not Err in Concluding That Arden Failed to Make the Necessary Showing to Claim an Exemption for the IRA Under Section 704.115***

Section 704.115 exempts "[s]elf-employed retirement plans and individual retirement annuities or accounts" (§ 704.115, subd. (a)(3)) such as the IRA, from satisfying non-family law debts, but "only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor." (§ 704.115, subd. (e).)

In California state debt collection proceedings, "the exemption claimant has the burden of proof" to support his claim. (§ 703.580, subd. (b).) Thus, it was Arden's burden below to prove he needed the IRA to support himself and/or his spouse or dependents, "taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires." (§ 704.115, subd. (e); see *Schwartzman v. Wilshinsky* (1996) 50 Cal.App.4th 619, 626–627.) In addition, "[i]f property is claimed as exempt pursuant to [such] a provision exempting property to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor, the claim of exemption shall include a financial statement." (§ 703.530, subd. (a).)

Arden argues the trial court erred in applying section 704.115. Specifically, he argues that (1) the burden of proof was on Silas to *dis*prove the applicability of Arden's claimed exemptions, (2) to the extent it was Arden's burden to provide a financial statement or any other financial information,

9

California law required the court to continue the hearing so that Arden could procure it, and (3) the trial court erred in requiring a financial statement—or any documentation of financial need—in order for Arden to successfully claim his IRA as exempt, because federal section 522 does not require this in bankruptcy proceedings. Because these are challenges based on the correct interpretation of applicable statutes and law, our review is de novo. (*O'Brien, supra*, 246 Cal.App.4th at p. 947.)

To support his argument that Silas bore the burden of disproving the applicability of his claimed exemption under section 704.115, he cites cases reflecting the general proposition that, *in federal bankruptcy proceedings*, when a debtor claims a *federal* exemption, that exemption "is presumptively valid, unless a party in interest objects and that objector satisfies its burden that the exemption is improperly claimed." (*In re Thiem* (Bankr. D.Ariz. 2011) 443 B.R. 832, 836.) We do not dispute this general proposition of bankruptcy law. In California state debt collection cases like this one, however, the Code of Civil Procedure places the burden of proving the applicability of a California state law exemption like that under section 740.115 on the debtor. (§ 703.580, subd. (b).) That Arden's burden would be different under a different law before a different court is of no moment.

Arden's argument that the court was required to continue the hearing in order to allow Arden to gather evidence to meet his burden of proof is also without merit. Arden cites language from the California Enforcement of Judgments law indicating that the court has the power "to permit amendments [to the pleadings] in the interest of justice" (§ 703.580, subd. (a)), and that if the court is not "satisfied that sufficient facts are shown by the claim of exemption (including the financial statement if one is

10

required) . . . the court shall order the hearing continued for the production of other evidence, oral or documentary." (§ 703.580, subd. (c).) But this language must be read in connection with earlier language in the same section that assigns the burden of proof to the exemption claimant. (See § 703.580, subd. (b).) Interpreting the section as Arden suggests would render ineffective that earlier subdivision, because the consequence of failing to meet one's burden of proof would not be that the claim is denied, but rather that the court allows the claimant to try again. These two subdivisions can be harmonized, however, by reading the requirement that the court "shall" continue the hearing as requiring the court to obtain additional evidence if necessary before *granting* an exemption—not as mandating the court continue the hearing so the claimant gets a second chance to meet his burden of proof. (See *DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 388 [" 'the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole' "].) And although it was certainly within the court's discretion to grant a continuance so that Arden might gather evidence of financial need, Arden did not request one, even after the court made clear at the outset of the hearing that it viewed the lack of a financial statement as fatal to Arden's claims.

Arden next contends that the court erred in denying the claimed exemption regardless of his failure to show financial need, because "[f]or an IRA to be exempt under [federal section] 522(b)(3)(C), it must meet only two requirements," neither of which involves financial documentation. But the requirements under federal law for establishing a federal section

11

522 exemption in bankruptcy proceedings are of no assistance to Arden in establishing a section 704.115 exemption in state court collection proceedings. The California statutes governing such proceedings plainly require that Arden establish financial need in order to claim an exemption for the IRA. (See §§ 704.115, subd. (e), 703.580, subd. (b).) Arden did not offer in the trial court any evidence for such financial need, be it in the form of a financial statement or otherwise.[6]

Finally, Arden briefly argues that he has established financial need because Silas acknowledged Arden is collecting social security, and because he claims to have significant ongoing medical expenses due to leukemia. Even if the record supported

---

[6] Arden argues that the financial statement requirement is inapplicable to his claimed exemption, because he is seeking to exempt funds in his IRA based solely on the need for such funds to support himself, not his wife or dependents, and section 703.530, subdivision (a) requires a debtor to provide a financial statement only when the debtor claims a private retirement account is "necessary for the support of the judgment debtor *and* the spouse *and* dependents of the judgment debtor," (§ 703.530, subd. (a), italics added.) Arden's literal interpretation of this language would lead to the absurd result that only debtors with both a spouse and dependents, but not otherwise similarly situated debtors who are single and/or childless, would be required to provide a financial statement to claim an IRA as exempt under California law. Even if we were to accept this strained interpretation that Arden need not file a financial *statement* under section 703.530, subdivision (a), however, it would remain Arden's burden under section 703.580, subdivision (b) to establish financial need in some other way in order to be entitled to a section 704.115 exemption for his IRA. He has not done so.

such facts, as a matter of law, they could not establish Arden's need for funds in the IRA without Arden *also* providing evidence regarding the extent of those medical expenses, the amount of his social security income, and "all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires." (§ 704.115, subd. (e).) The court therefore correctly found that Arden failed to carry his burden of establishing the IRA is exempt under section 704.115.

### B.   *Arden's Federal Section 522 Arguments*

Arden also argues that he was entitled to exempt his IRA from a state court levy because, in separate bankruptcy proceedings, he claimed the IRA as exempt under federal section 522, to which Silas did not object. But the record does not contain any support for Arden's contention that he claimed the IRA as exempt in bankruptcy proceedings. Nor is such an exemption in bankruptcy proceedings automatic: A bankruptcy debtor must first "file a list of property that the debtor claims as exempt" (11 U.S.C. § 522(*l*) [debtor "shall" file such a list]), and failure to do so may prevent the debtor from claiming the exemption. (See *In re Edmonds* (Bankr. M.D.Tenn. 1983) 27 B.R. 468, 469 ["[T]he burden is upon the debtor to claim property as exempt. Persons filing bankruptcy must make an affirmative effort to bring themselves within the exemptions provided by the Code."].) No such list appears in the record. The only record citation Arden offers is to the personal property schedule in his bankruptcy petition (Schedule B Personal Property), on which Arden listed the IRA. (Capitalization omitted.) That schedule merely instructs the debtor to identify "personal property of the debtor of whatever kind," and requests more specific ownership information about such property, such as

13

whether the property is held jointly with the debtor's spouse. The form does not mention exemptions. Thus, even if Arden is correct that property exempted from a bankruptcy estate is also exempt from levy under California law, he has failed to provide any evidence that he requested an exemption in the bankruptcy proceeding.

Arden briefly argues in a footnote that he *did* include the IRA on the requisite list of claimed exemptions, even though this page of his bankruptcy filing does not appear in the record and was not submitted to the trial court. Arden faults Silas for offering as an exhibit to her opposition below only excerpts from his bankruptcy filing that do not include the pages that purportedly reflect he claimed the IRA as exempt from the bankruptcy estate. But if Arden wanted to rely on this purported fact, he bore the burden of establishing it below. He did not. His citation to the rule in bankruptcy that a claimed federal exemption is presumptively valid in bankruptcy proceedings unless the objector proves otherwise—even assuming for the sake of argument this rule could apply in a state court collection action—assumes that the debtor has indeed claimed the property as exempt. Nothing in the record here reflects that Arden did so.[7]

_____

[7] On November 20, 2020, Silas moved this court to strike the references in Arden's reply brief to Arden claiming a federal section 522 exemption in bankruptcy proceedings, as well as other portions of Arden's reply brief she argues are not supported by the record on appeal and/or are improper for other reasons. In the alternative, her motion requested that this court disregard such improper matter. On December 9, 2020, this court deferred the motion to the panel. To the extent Arden's

14

Because the record does not support that he claimed the IRA was exempt in bankruptcy proceedings (let alone that the IRA actually was exempted from his bankruptcy estate), we need not consider whether and to what extent an asset that a debtor successfully exempts from a bankruptcy estate may be the subject of a levy in subsequent state court debt collection proceedings.

Finally, to the extent Arden argues that federal section 522 provides an independent legal basis for exempting the IRA in state court debt collection proceedings *even if he did not successfully exempt the IRA from his bankruptcy estate*, Arden is incorrect. Federal section 522 allows a debtor initiating bankruptcy proceedings to exempt certain funds, such as an IRA, from the debtor's "bankruptcy estate"—that is, from the pool of property over which the bankruptcy court has jurisdiction (28 U.S.C. § 1334(e)(1)) and from which the bankruptcy court can satisfy the claims of creditors. Federal section 522 thus defines what property a debtor may ask a *bankruptcy court* not to use to satisfy claims of the debtor's creditors *in bankruptcy proceedings*. (See *In re Williams* (Bankr. C.D.Cal. 2016) 556 B.R. 456, 459 (*Williams*) [bankruptcy "petition creates an estate to satisfy creditors' claims" "consist[ing] of 'all legal or equitable interests of the debtor in property' when the petition is filed"]; see also *In re Benn* (8th Cir. 2007) 491 F.3d 811, 814.) Thus, by its own terms, federal section 522 does not speak to the property from which a state court may satisfy a judgment in non-bankruptcy proceedings, such as the debt collection action

---

brief contains improper or unsupported contentions—including but not limited to contentions that Arden claimed the IRA as exempt from his bankruptcy estate—this court disregards them.

15

below.  (See *O'Brien, supra*, 246 Cal.App.4th at p. 948 [federal section 522 was irrelevant in debt collection action because it describes property that is "excluded from a debtor's [bankruptcy] estate" and no bankruptcy proceedings were yet pending].)

The authority Arden cites in arguing to the contrary is inapposite.  Arden cites to the effect of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) in states, like California, that have "opted out of the federal exemption scheme and limited [bankruptcy] petitioners to the exemptions debtors may claim in non-bankruptcy cases [under state law]." (*Williams, supra*, 556 B.R. at p. 459.)  "With the enactment of BAPCPA in 2005, . . . a debtor who elects or is required to take state exemptions is also entitled to exempt 'retirement funds [as described in federal section] 522(b)(3)(C).' " (*Williams, supra*, at pp. 459-460.)  Arden cites this authority for the proposition that, "[a]s a result [of BAPCPA], debtors in opt-out states like California are not limited to the IRA exemption provided by state law but may, independent of state law, claim the exemption under [federal section] 522(b)(3)(C), subject to any applicable dollar limitation in [federal section] 522(n)." (*Williams, supra*, 556 B.R. at p. 460.)  Arden is correct that a debtor may do so *in bankruptcy proceedings* to exempt an IRA *from the debtor's bankruptcy estate*; accordingly, all the authority Arden cites for this proposition reflects its application to bankruptcy proceedings.  (See, e.g., *In re Hamlin* (Bankr. 9th Cir. 2012) 465 B.R. 863, 869–870; *Williams, supra*, 556 B.R. at p. 459.)  Because this appeal is not from a bankruptcy order or judgment, the authorities Arden cites are of no assistance to him.  Nor does Arden cite a single case in which a court applied federal section 522 to determine a claim of exemption in California state

16

debt collection proceedings. The trial court correctly concluded that federal section 522 did not provide a basis for granting Arden's claim of exemption.

## C.    *The Trial Court Did Not Err in Permitting All Funds in the IRA to be Levied*

Arden also argues that, even assuming the trial court correctly denied the claimed exemption, it erred by permitting a levy of *all* funds therein. Arden cites section 704.115, subdivision (e), which provides that, "[i]n determining the amount to be exempt under this subdivision, the court shall allow the judgment debtor such additional amount as is necessary to pay any federal and state income taxes payable as a result of the [the maximum allowable amount in an SEP IRA] to the satisfaction of the money judgment." (§ 704.115, subd. (e).) He argues that "[b]y allowing Arden's IRA to be emptied, the court did not leave Arden with any funds to even pay taxes" and that, "[g]iven the mandate of section 704.115[, subdivision] (e), the court committed error per se." But Arden ignores that he bears the burden of proof on both the fact *and the extent* of the desired exemption. He failed to offer any evidence to support the amount of taxes, if any, he may be required to pay as a result of the levy, and thus has not established that a lesser amount of levy is appropriate. He also failed to raise this argument below, and has thus forfeited it.

We need not address the parties' additional arguments on appeal regarding the alternative grounds for ruling offered by the trial court—namely, that the funds in the IRA belonged to Silas under the assignment order, and/or that equitable principles supported a denial of the claimed exemption. Arden's failure to establish financial need under section 704.115, the only

17

potentially applicable exemption for the IRA, is sufficient to deny his claim for exemption.

## DISPOSITION

The court's order is affirmed.  Respondent's motion to strike or have the court disregard improper matter in appellant's reply brief is granted to the extent set forth in this opinion. Respondent is awarded her costs on appeal.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


BENDIX, J.